JOHN H. LEWIS AND WIFE, APPELLANTS, VS. GREGORY YALE, APPELLEE.

The general rule in regard to costs is, that they follow the result of the suit. In a Court of Equity this rule is departed from where the failing party can show to the Court any circumstances which would render it unjust that he should pay the costs of the proceedings.

But the rule will not be departed from in a case where the course and conduct of the losing party have been the chief cause of great accumulation of costs.

Motion by counsel for appellee to re-consider and change so much of the decree of the Court in the foregoing case as awards to the appellants, against the respondent, the costs and charges by them incurred and expended in the prosecution of their appeal.

Motion denied.

THOMPSON, *Justice*, delivered the following opinion :

We have been asked by the counsel for respondent to re-consider so much of our judgment in this case, pronounced at a former day, as allows the appellants, against the respondent, the costs and charges by them expended and incurred in and about the prosecution of their appeal, upon the ground of the merits of the respondent in the services rendered the appellants, which formed the consideration of the contract between the parties, and the hard bargain he has made for his remuneration, it being alleged to be grossly inadequate.

The general rule in regard to costs is, that they follow the result. In a Court of Equity, however, the rule is departed from in those cases where the failing party can show to the Court any circumstances which may satisfy it that it would be against the ordinary principles of justice that he should pay the costs of the proceedings. Conceding that the services of the respondent were valuable, and that he did make a hard bargain on his part, is it sufficient Equity in this case to induce the Court to depart from the general rule?

In considering such questions, a Court of Equity is very much governed by its desire to discourage and repress unnecessary litigation, and will generally withhold costs from the party who is guilty of any misconduct with reference to the subject matter of the suit. The respondent, who was plaintiff in the Court below, is a lawyer of eminence, and the Court would for this reason look for more accuracy of view and propriety of action with regard to the institution of the suit, and its conduct, than from a mere layman, or one less distinguished in the ranks of the profession.

It was proved in the record, that at the sale of the lands in February, 1849, the appellant, John H. Lewis, gave the respondent written authority to bid for, and buy on his account, a tract of one thousand acres of land, in satisfaction or performance of the contract, but the dispute arising as to the value of lands so to be purchased, the respondent returned it. The testimony of the witness is not very precise on this subject, but the answer of the appellant alleges it was an offer on his part to perform the contract which is admitted in his answer, and which this Court has ascertained to be the true contract. Willingness to do what a party ought in equity and good conscience to do, places him, with regard to the question of costs, upon a vantage

ground. Lewis was willing to perform his contract, but not to accede to the demands of his adversary. There is surely no misconduct in this.

Again, the demand of Yale is for a construction of the contract which, if it had been the true construction, he as a lawyer must have known a Court of Equity would not enforce, because it was unconscionable. Upon the principle of discouraging unnecessary litigation alone, notwithstanding the merits of the respondent, we would be bound to adhere to the general rule. But there is another consideration which presses itself upon us, and which is entitled to much weight. The principal and heaviest item of costs is that of transcribing the voluminous record of the cause, upon the institution of this appeal.

The bill filed by the respondent contains much useless and redundant matter, in the very prolix and circumstantial history of the services rendered by him in the Circuit Courts for the appellants, and which formed the consideration of the contract, and the bill was thereby swelled to an unnecessary length.

To the bill were annexed, as exhibits, the voluminous record of the suit for the partition of the Arredondo Grant, including the petition for re-hearing, and the proceedings thereon, the bill of review and the answers thereto, with the proceedings thereon, including the reference to the arbitrator and his award, and the final decree thereon, together with copies of agreements made in said cause, and correspondence between the counsel of appellants, all tending to show the magnitude and importance of his services, but wholly foreign to the questions properly presented in this controversy. Of the four hundred and seventy odd pages of the record sent up from the Court below, not more than one hundred pages, if so much, properly belonged to the cause.

21

When the appellants sought relief in this Court from an erroneous decree against them, they were obliged to bring up the whole record, encumbered, as it was, with such a large amount of extraneous and useless matter. If the appellants had been wrong in resisting the respondent's claim, still they should not be mulct in unnecessary expense.

The respondent is properly accountable for this unnecessarily voluminous record, and we regret that we are compelled, under the circumstances of the case, to consider that his merit, so far as regards the services he has rendered the appellants, is more than counterbalanced by his demerits in the institution and conduct of this suit; and that, if the costs awarded to the appellants prove a heavy burden, he has contributed much to it himself by the reckless manner in which he encumbered the record.

We find nothing in the defence made by the appellants to object to. They were resisting an unjust demand, and in doing so, have, no doubt, incurred heavy expense for counsel fees, and it would be unjust in this Court to add to the burthen by taking from them one of the fruits of their success.

In the exercise of the sound discretion invested in us, we must deny the motion.