Isaac Winslow *vs.* Theodore Otis.

A surety on an administrator's probate bond, who has been obliged to pay a judgment recovered by the heirs at law on the bond, and taken an assignment of their rights in the estate, and all claim of theirs therefor, cannot maintain a suit in equity against an agent of the administrator, having in his hands moneys belonging to the estate; and, if he could maintain such a suit, must make the administrator, though beyond the jurisdiction of the court, a party.

Upon judgment for the defendant, on a demurrer to a declaration at law, praying relief in equity, he is not entitled to costs, if not directed in the judgment, nor moved for at the first term after it is entered.

Action of contract, praying relief in equity, under *St.* 1853, *c.* 371. The declaration averred that Robert C. Manners was duly appointed by the probate court of Suffolk county administrator of the estate of William Gallagher, and gave bond as such with the plaintiff as his surety; and failed to account for

and pay over to the heirs at law the balance of the estate, after paying all debts, and was ordered so to do by a decree of this court in an action on his probate bond; that Manners having previously removed to Upper Canada, where he still resided, and having become utterly insolvent, the plaintiff became liable to pay, and did pay the amount to said heirs, and they, in consideration of such payment, assigned to him all their rights in the estate, and all claims therefor against all persons; that the defendant was employed by said administrator as agent to collect, and had collected and now held large sums of money from debtors of the estate, then and since known by the defendant to be the property of the estate, and not of Manners individually, yet withheld the same from the estate, and undertook to apply them in set-off of private debts due him from Manners; that, by reason of these facts, a trust had arisen in favor of the plaintiff, which entitled him to receive these moneys; and that the plaintiff had no adequate remedy at law.

The defendant demurred, because Manners and said heirs should have been made parties; because no case for relief in equity was shown in the declaration; and because the court had no jurisdiction in equity.

*F. Hilliard & G. M. Browne,* for the plaintiff, were first called upon.

*G. Minot,* for the defendant.

The following opinion was afterwards drawn up by

MERRICK, J. If the defendant could be considered, upon the facts asserted in the bill, as a trustee, or as having in his possession any trust funds to which the plaintiff is equitably entitled, still no bill for the recovery of the money collected by him could be maintained without making Manners, the administrator of the estate of Gallagher, a party to it. This is so because he is both legally and beneficially interested in the subject matter of the suit. Story Eq. Pl. § 72. And it is no sufficient excuse, under the circumstances stated, for not making him such party, that he is absent from the jurisdiction, or beyond reach of the process of the court. His rights are distinct from those of the other parties to the bill. They stand in an adverse relation to

him; and his interest must necessarily be affected and preju-
diced by such a decree as is prayed for. Story Eq. Pl. §§ 81–83.
As administrator of the estate, he has a right to demand, recover
and receive from every person all the money and personal prop-
erty which belongs to or constitutes a part of it, and to contest
any claim, whether of a creditor or of the heirs at law, which
may be preferred against him in that relation. Yet the effect
of the decree which is prayed for in the bill would be to pre-
clude him from recovering of the defendant the money collected
on his account, from persons who were the debtors of his intes-
tate; and without giving him an opportunity of being heard in
defence of the suit—of showing, for instance, that the heirs at
law had received payment in full of all that was due to them,
or had released and discharged him from all liability to them,
and therefore that no just cause of action existed against him,
or his sureties upon his bond to the judge of probate—to trans-
fer the money to the plaintiff and make it absolutely his own.
These considerations are sufficient to show that, in its present
state, the bill cannot be maintained. But objections arising from
want of proper parties may always be obviated by due proceed-
ings calling them in. And an amendment for that purpose
might, and probably would in this case, upon suitable terms, be
allowed, if it were not apparent that, for other reasons, the plain-
tiff has no cause of action and can maintain no bill against the
defendant.

The plaintiff was one of the sureties of Manners on the bond
given by him to the judge of probate, on receiving letters of
administration upon the estate of Gallagher. He is also as-
signee of the heirs at law of Gallagher to all of his estate,
which, after the payment of debts and charges of administra-
tion, remained to be distributed among them. And he contends
that, in each of these relations, he is entitled to recover in this
suit the money which the defendant, as the agent and attorney
of Manners, collected of different persons who were severally
indebted to his intestate.

It is alleged in the declaration, and therefore to be assumed
upon the demurrer to be true, that Manners did not administer

the estate with fidelity. In a suit prosecuted against him, in the court having final jurisdiction of the matter in controversy, by the heirs at law of Gallagher, the balance of the estate remaining in his hands to be distributed among them was duly ascertained; and it was thereupon ordered and adjudged that he should pay the same over to them. He was thus made chargeable for the whole estate. For the balance remaining in his hands he was, under the decree of the court, personally and unconditionally responsible. In payment of that balance, it was his duty to appropriate and apply all the assets in his possession; and, for that purpose, he had a right to the uninterrupted control and disposition of all the property of which the assets consisted. Upon his neglect of this duty, and upon his failure to pay these heirs at law in conformity with the order and decree which they had obtained against him, they had a remedy against him at law, which was plain, adequate and complete. It was not by pursuing the goods or estate which had come into his possession as administrator, or which in that relation he had a right to reduce to possession, but by a suit prosecuted directly against the administrator himself. Or if, in consequence of his inability or refusal to pay, or to furnish the means of payment, it was necessary for them to resort to other means of coercion, they might put in suit against him and his sureties his administration bond. The responsibility of the sureties on the bond supplies the place of the assets which are entrusted to the management and disposal of the administrator. Rev. Sts. *c.* 70, §§ 3, 4, 10. *Newcomb* v. *Williams,* 9 Met. 525. *Conant* v. *Kendall,* 21 Pick. 36.

Whether therefore the plaintiff is considered as standing in the place of the heirs, because he paid them the money to which they were entitled under the adjudication and decree of distribution against the administrator, or because they have assigned to him their right to recover whatever was due to them under that decree, his remedy can in no respect be greater than or different from theirs; and as they had no right to proceed by a bill in equity against the assets, he, like them, is limited to the action at law, which he is allowed to prosecute against the administrator.

As the surety of Manners upon his bond, the plaintiff has no interest in, or lien upon, the estate of his intestate. Although the obligation assumed by him was intended to be, and is in fact, solely for the security and advantage of the creditors and heirs at law of Gallagher, it was not undertaken on their account or at their request, but at the solicitation of, and upon an agreement, express or implied, with Manners, to enable him to take out letters of administration. As the plaintiff was compelled, in consequence of that engagement, to pay money for Manners, there arose between them the relation of debtor and creditor. If they had previously made any express contract how, in such a contingency, he should be protected from loss, its provisions might be resorted to for that purpose. If they had entered into no express stipulations on the subject, the law will imply, from their relation to each other, a promise of indemnity. He who is compelled to do for another what that other should do, and was compelled to do, may recover whatever money he pays, without proving that the principal debtor requested him to pay the money, or promised to repay it. 1 Parsons on Con. 392. The plaintiff may avail himself of an action at law against his principal, to obtain restitution for money paid on his account; but no ground is shown upon which a bill in equity for its recovery can be maintained against him.

*Bill dismissed.*

In June 1856 the following rescript was sent to the clerk: " Demurrer sustained; bill dismissed." At February term 1857 the defendant moved that the clerk might be directed to tax costs for the defendant; and that motion was continued, by the presiding judge, to October term 1857, when it was argued and decided.

*J. Lathrop,* for the defendant. The order of the court is, substantially, an order that the plaintiff pay costs. There is nothing in the merits of this case to take it out of the general rule, both in equity and at law, that the prevailing party is entitled to his costs. The discretion of the court is a legal discretion, to be exercised according to general rules and precedents. *Vancouver*

v. *Bliss*, 11 Ves. 462, 463. *Wilson* v. *Eden*, 16 Beav. 153. *Brooks* v. *Byam*, 2 Story R. 553, 554. *Hunter* v. *Marlboro*, 2 Woodb. & M. 208. *Lewis* v. *Yale*, 4 Florida, 441. In equity, a party who demurs to the bill and obtains judgment thereon, is entitled to his costs. *Sanders* v. *Benson*, 4 Beav. 350. *Jones* v. *Davids*, 4 Russ. 278. *Hill* v. *Reardon*, 2 Sim. & Stu. 439. *Hollingsworth* v. *Shakeshaft*, 14 Beav. 492. *Wilson* v. *Eden*, 16 Beav 153. The statutes of Massachusetts have not changed the rule. *St.* 1826, *c.* 109, § 5. *Saunders* v. *Frost*, 5 Pick. 271. *Clark* v. *Reed*, 11 Pick. 449. Rev. Sts. *c.* 121, § 20. *Whitten* v. *Whitten*, 5 Cush. 42. The same rule prevails in other states. *Clement* v. *Wheeler*, 5 Foster, 367. *Garr* v. *Bright*, 1 Barb. Ch. 157. *Gray* v. *Gray*, 15 Alab. 786.

If the record does not state the decision of the court correctly, it can be amended by inserting an express direction for the payment of costs. *Bacon* v. *Lincoln*, 2 Cush. 124.

The defendant has been guilty of no laches. In *Clark* v *Reed*, 11 Pick. 446, the question of costs was argued after the bill was dismissed.

*Browne*, for the plaintiff.

THE COURT *held*, that costs were not included in the judgment entered; and, not having been moved for at the first term, should not be allowed.　　　　　　　*Motion overruled.*