|132 | 173|
|139 | 280|

# Johnson *v.* Southern Building & Loan Association.

*Bill in Equity for Injunction and Accounting.*

(Decided February 13, 1902.)

1. *Equity practice; decree; submission; dissolution of injunction.* Where a motion to dissolve an injunction has been filed, and the order and note of submission shows only that "on re-spondent's motion the cause is submitted for decree. Com-plainant submits on amended bill and exhibits thereto. Re-spondent submits on motion to dissolve the injunction and on sworn answer to amended bill," the submission is only on the motion to dissolve the injunction, and the court can-not enter a decree sustaining a demurrer to the bill incor-porated in the answer, or dismiss the bill for want of equity, no motion to dismiss having been made.

2. *Dissolution of injunction on sworn answer.*—Where the aver-
ments of the bill are positively denied by sworn answer, a
motion to dissolve the injunction will be granted.

APPEAL from Gadsden City Court.
Heard before Hon. JOHN H. DISQUE.

GEORGE D. MOTLEY, for appellant.

AMOS E. GOODHUE, *contra*.

McCLELLAN, C. J.—A demurrer to the bill as
amended was incorporated in the answer of the re-
spondent, the Southern Building and Loan Association.
The respondent also filed the following motion: "Now
comes the respondent,   *   *   *   and moves the court
to dissolve the injunction heretofore granted in the
above stated cause on the following grounds, viz.: *First.*
There is no equity in the bill as amended. *Second.*
The material averments of the bill are denied by an-
swer under oath. And respondent moves the court to
dissolve said injunction both by reason of the want of
equity in the amended bill and because of the sworn
denials of the answer." And the order of submission
was in this language: "Come the parties by their solic-
itors, and on respondent's motion the cause is submitted
for decree. Complainant submits on amended bill and
exhibits thereto. Respondent submits on motion to dis-
solve the injunction and on sworn answer to amended
bill." The note of submission made by the register fol-
lows the language of this order. There was no motion
to dismiss the bill as last amended for want of equity,
nor was there any submission for decree on the demurrer.
The submission shown by the order above as we con-
strue it was solely for decree on the motion to dissolve
the injunction; and the reference in the order to the
bill and exhibits thereto and to the answer was merely
to get before the chancellor the pleadings necessary to
be considered in passing upon the motion to dissolve
the injunction. It is clear, we think, that the cause was
not intended to be submitted and was not in fact sub-
mitted for final decree on the merits. The submission

then being only on the motion to dissolve the injunction, it was error to enter a decree sustaining the demurrer to the bill, and sustaining a motion (which does not appear to have been made) to dismiss the bill for want of equity, and dismissing it out of court.

In so far as the action of the court upon the motion to dissolve the injunction is concerned we deem it necessary to say only that the decree in that regard is fully justified upon the denials of respondent's sworn answer, and it will be affirmed.

The decree sustaining the demurrer to the bill and dismissing the bill for want of equity must be reversed.

The costs of the appeal in this court and in the court below will be paid one-half by appellant and the other by appellee.

Affirmed in part and reversed in part.