# Wills Valley Mining & Manufacturing Co. *et al. v.* Galloway, Receiver, *et al.*

*Bill in Equity for the Appointment of a Receiver.*

1. *Equity pleading and practice; report of register; decree thereon.*
   Where a register, in compliance with the order of the court, holds a reference and ascertains and reports the amount due a receiver previously appointed, and the cause is submitted to

the chancellor upon the motion of the receiver to confirm the report of the register as to his accounts and upon the exceptions of one of the respondents thereto, a decree confirming said report and adjudging the complainants liable for the sum ascertained therein to be due the receiver, is erroneous, in that it adjudges the complainants liable for said amount; the question as to who was liable for the said amount not being one at issue in the submission of the cause to the chancellor.

APPEAL from the Chancery Court of Etowah.

Heard before the Hon. RICHARD B. KELLY.

The original bill in this case was a general creditor's bill, filed by the Wills Valley Mining & Manufacturing Company and other complainants, against the Etowah Mining Company, W. M. Nixon, trustee, and M. L. Robinson; and prayed that a receiver be appointed to take charge of the property then in the possession of said W. M. Nixon, as trustee of the Etowah Mining Company, and that Nixon be removed from said trusteeship; that a reference be had to ascertain the sums due the creditors of the Etowah Mining Company, and for other relief.

Upon the filing of this bill, a receiver was appointed, but on appeal to the Supreme Court it was held that the chancery court had erred in appointing a receiver, and the receiver was ordered discharged, and it was directed that he restore the property of the Etowah Mining Company to W. M. Nixon, its trustee. Thereafter the complainants in the original bill took a voluntary order of dismissal, and the court, in the order of dismissal, retained the jurisdiction of said cause, for the purpose of settling the receiver's accounts. In compliance with the order of the court, the register proceeded to state and settle the receiver's accounts, and filed his report, ascertaining that the sum of $4,835.39 was due the receiver for fees and disbursements. Thereupon the cause was submitted to the chancellor upon the motion of the receiver to confirm the report of the register as to his accounts, and upon the exceptions of one of the respondents thereto; and by consent the matter was held for decree in vacation. The chancellor rendered a decree confirming the

report of the register, and adjudged that the complainants were liable for the sum ascertained and reported in said report to be due the receiver. From this decree the complainants appeal, and assign the rendition thereof as error.

AMOS E. GOODHUE, for appellants, cited *Johnson v. So. B. & L. Asso.*, 132 Ala. 174.

BURNETT & CULLI and W. T. MURPHREE *contra*, cited *Etowah M. Co. v. Wills V. Co.*, 106 Ala. 492; *Weston v. Watts*, 45 Hun. 219; *French v. Gifford*, 31 Iowa, 248; *Lockhart v. Gee*, 3 Tenn. Ch. 333; *McAurow v. Martin*, 183 Ill. 467; *Willis v. Sharp*, 12 N. Y. Sup. 120; *St. Louis v. St. Louis Gas Co.*, 11 Mo. App. 233, 87 Mo. App. 223.

TYSON, J.—This appeal is prosecuted from a decree wherein the complainants are adjudged liable in the sum of forty-eight hundred and thirty-five and 39-100 dollars, being the amount reported by the register to be due to Galloway as receiver. It appears that the matter of the receiver's accounts had previously been referred to the register to state and make report upon same. Upon the coming in of the register's report, which showed this balance to be due the receiver, but no finding by him as to who is liable for it, the cause was submitted to the chancellor upon motion of the receiver to confirm the report of the register as to his accounts and on the exceptions of one of the respondents thereto, and by consent was held for decree in vacation. The chancellor on this submission in vacation rendered the decree here complained of. By this decree he overruled the exceptions to the report of the register and confirmed it. But he did not stop here. He proceeded further to render a final decree against the complainants, without ever being moved to do so, and without giving them an opportunity to be heard. No such issue had ever been presented by the pleadings in the cause, and, clearly the motion of the receiver to confirm the report of the register did not present such an issue, since, the liability of the complain-

[Wills Valley Mining & Mfg. Co. *et al.* v. Galloway, Receiver, *et al.*]

ants *vel non* for the balance due the receiver, was not a matter involved in the report. The right to be heard is a constitutional one and no person can be adjudged liable for a penalty or a debt without his day in court. To deprive the complainants of this right, would be to deny them due process of law. Their right to know what issue they are required to defend against is of the very essence of this constitutional right. To hold that a court may render a decree upon a cause of action foreign to the issue presented by the pleadings, would be the equivalent of denying all right "to be heard by testimony or otherwise and to have the right of controverting by proof every material fact which bears on the question of right in the matter involved."—*Willburn v. McCalley*, 63 Ala. 436.

Chief Justice BEASLEY of the Supreme Court of New Jersey, in *Munday v. Vail*, 34 N. J. Law, 418, after stating that there are three essentials to the jurisdiction of a court to adjudicate concerning the subject matter in a given case; 1st, the court must have cognizance of the class of cases to which the one to be adjudged belongs; 2d, the proper parties must be present, and 3d, the point *decided must be, in substance and effect within the* issue, said: "A defect in the judgment arising from the fact the matter decided was not embraced within the issue has not, it would seem, received much judicial consideration. And yet I cannot doubt that, upon general principles, such a defect must avoid a judgment. It is impossible to concede that because A and B are parties to a suit, that a court can decide any matter in which they are interested, whether such matter be involved in the pending litgation or not. Persons by becoming suitors do not place themselves for all purposes under the control of the court, and it is only over those particular interests which they choose *to draw in question* that a power of judicial decision arises. * * * A judgment upon a matter outside of the issue must, of necessity, be altogether arbitrary and unjust, as it concludes a point upon which the parties have not been heard." See also *Reynolds v. Stockton*, 140 U. S. 254, and cases therein cited.

Without an issue being made, the chancellor was without jurisdiction to determine whether the amount found

to be due the receiver was to be paid by complainants or out of the fund in his hands.  Moreover, it is clear, we think, that the cause was not intended to be submitted and was not in fact submitted for a final decree, but only for an interlocutory one; namely, the confirmation of the register's report.—*Johnson v. Southern B. & L. Assn.,* 132 Ala. 173.

The contention of counsel for appellee, to sustain the correctness of the decree, seems to proceed upon the theory that the amount found to be due the receiver was properly adjudged against complainants as costs; that as a matter of course, they were chargeable with the whole of it, notwithstanding some part of it may be for expenditures made by him which should equitably be charged against the fund, and this, too, without giving the complainants an opportunity to be heard on an issue presenting the question of their liability.  It is true there are expressions to be found in some of the authorities cited by them that the compensation (fees) of the receiver, where his appointment was improper, may be taxed as costs against the complainants.  But the cases are by no means unanimous on this point.  Some of the courts hold that a receiver must get his compensation, if at all, out of the fund; others that the complainants are liable for it.  It is the line of cases holding the latter view upon which the appellee relies to sustain the action of the chancellor in this case.  If it be conceded that they announce the correct rule, we do not find that they agree in holding that his *fees and expenses* are costs proper, or that any balance, that may be ascertained to be due him, should be taxed against the complainants without regard to the question whether they are equitably chargeable with it. · The first of the above propositions finds support in the case of the *City of St. Louis v. St. Louis Gas Light Co.,* 11 Mo. App. 243, 246.  In that case the distinction is taken between costs of the suit, which are taxed as matter of course, and the cost of the receiver's administration.  Indeed, the court held that fees paid by a receiver to his attorney for professional services and advice in regard to the management of the property impounded were part of the costs of administration and not

taxable as costs in the litigation against the losing party, although the statute requires the court to "allow such compensation for his services and expenses as may be reasonable and just, and cause the same to be taxed as costs, and paid as other costs in the case." The second is supported by *French v. Gifford*, 31 Iowa, 428, which seems to be a leading case upon the question as to who is chargeable with the costs and expenses of the receivership, where the receiver is improperly appointed. In that case the court reduced the amount of the compensation of the receiver for his personal services as fixed by the referee from $6,077.28 to $3,000 and ordered that the fund be charged with $1,000 and the other $2,000 be adjudged against the plaintiff. The taxes, rents and clerk hire, etc., actually paid or disbursed by the receiver were allowed against the fund. These two cases will suffice to show that all expenses incurred by the receiver in the administration of the affairs committed to him and for that matter his compensation is not, as a matter of course, taxable as costs against the complainants. Whether the complainants should be held liable, should this line of cases be adopted, in preference to those that hold that the fund is in all cases chargeable with his compensation and expenses, depends not alone upon the mere circumstance that the receiver was improperly appointed, but upon whether, having regard to the character of the demands entering into the balance to be due him, it would be inequitable or unjust to allow him to be paid out of the fund.

We wish to be understood as not intimating which of the two lines of cases should be followed, nor as intimating an opinion upon the merits of the question as to how or by whom the balance ascertained to be due the receiver should be adjudged and paid. Neither of these questions are before us.

The decree appealed from will be affirmed as to all matters except in so far as it adjudged the complainants liable for the balance due the receiver. As to that matter it must be reversed. The cost of the appeal in this court and in the court below will be paid by the appellees.

Affirmed in part and reversed in part.