# Wills Valley Mining & Mfg. Co. v. Galloway, *et al.*

*Receiver.* ·

(Decided Jan. 16, 1908.   Rehearing denied June 18, 1908.
47 ·South. 141.)

*Receivers; Expense of Administration; Wrongful Appointment.*—
The expense of a receivership should be borne by the party at whose
instance the receiver was wrongfully appointed.

APPEAL from Etowah Chancery Court.

Heard before Hon. W. W. WHITESIDE.

T. C. Galloway was appointed receiver of the Etowah
Mining Company at the instance of the Wills Valley
Mining & Mfg. Co. The appointment was declared
wrongful and Galloway as receiver made a motion to
require the Wills Valley Mining & Mfg. Co., to pay the
receiver the amount ascertained and reported as the
expenses of the receivership. From a decree directing
the payment of said sum by the Wills Valley Mining &
Mfg. Co., they appeal. Affirmed.

GOODHUE & BLACKWOOD, and WATKINS & THOMPSON,
for appellant. Counsel discuss assignment of error
but cite no authority.

W. T. MURPHY, for appellee. Counsel discusses as-
signments of error but cites no authority.

DOWDELL, J.—The appellant, Wills Valley Mining
& Manufacturing Company, filed a bill in the chancery
court against the Etowah Mining Company, a corpora-
tion, and on its petition in said cause had the appellee
T. C. Galloway appointed as receiver of· the property
of the defendant corporation. The said Galloway en-

tered upon the discharge of the duties of such receivership, and as such receiver took possession and control of the defendant's property. An appeal was taken to this court from the order of appointment, and it was here determined that the appointment of the receiver was improper, and the order appointing the receiver was reversed, and an order here made directing the receiver to restore the property.—*Etowah Mining Co. v. Wills Valley Mining & Mfg. Co.,* 106 Ala. 492, 17 South. 522. Subsequently, and after the remandment of the cause, the Wills Valley Company on its own motion had its bill dismissed. The decree dismissing the bill provided for the retention of the cause for the settlement of the receiver's account, which necessarily embraced all fees, costs, and expenses incident to the receivership. To this end the complainant continued a party to the cause, subject to all necessary orders of the court in the settlement of the receivership. A reference on order was had before the register for a statement of the account of the receiver, and on this reference it appears that the complainant, Wills Valley Company, was present by counsel and took an active part in the statement of the account. The register made his report on the statement of the account of the receiver, which said report was duly confirmed by the court. By this report the amount due the receiver was ascertained, and after confirmation of said report the court, on motion of the receiver that the complainant be required to pay the receiver the amount ascertained and reported, so ordered and decreed. And this decree is now assigned as error.

The appointment of the receiver was at the instance of the Wills Valley Mining & Manufacturing Company, and it was decided by this court that the appointment was wrongful, and the order making it was set aside. Where the appointment of a receiver is wrongfully

made, causing the property of an innocent party to be wrongfully sequestered, it would be inequitable and unjust to impose the expense of the receivership on the property of such party. In such a case equity and justice requires that the party at whose instance the wrong was done bear the burden. 20 Am. & Eng. Ency. of Law (1st Ed.) pp. 180, 181, where cases are cited in note 3. and, among these cases, the case of *Frence v. Gifford,* 31 Iowa, 428, which seems to be directly in point.

A motion was made to set aside the decree confirming the report of the register on the statement of the receiver's account, for the purpose of opening the reference. Several years had elapsed since the decree of confirmation, and the motion was not made until after a decretal order by the chancellor imposing the costs and expenses of the receiver on the complainant in the bill. This decretal order, it is true, was on appeal reversed, but because the decree was rendered without notice to the complainant, the Wills Valley Company, and, further, because the question was not embraced in the submission on which that decree was based.—*Wills Valley Mining & Mfg. Co. v. Galloway,* 139 Ala. 276, 35 South. 850. In the case before us testimony was taken on the motion to charge the complainant and on the complainant's answer to the motion. After a careful consideration of all the evidence in the case, we are not satisfied that any good reason exists for setting aside the decree of confirmation of the register's report and opening of the reference for further hearing on the receiver's account. We concur in the conclusion of the chancellor, and his decree will be affirmed.

Affirmed.

TYSON, C. J., and HARALSON and MCCLELLAN, JJ., concur.