WM. W. JACKSON, *Appellant,* vs. H. M. WADE MANUFACTURING COMPANY, INC., a corporation, and C. H. LANDEFELD, JR., as Receiver, *Appellee.*

142 So. 228.

Division A.

Opinion filed May 25, 1932.

Petition for rehearing denied July 8, 1932.

*McCune, Hiaasen & Fleming,* for Appellant;
*Rogers & Morris, for Appellees;*
*C. H. Landefeld, Jr.,* as amicus curiae.

ELLIS, J.—This is an appeal from an order allowing C. H. Landefeld, Jr., as receiver, the sum of one hundred dollars for his fees and that he pay to the defendant Wm. W. Jackson the sum of ninety-seven dollars, the balance remaining from the rental of the property involved after deducting his fees and certain expenses. The order was dated December 30, 1931.

H. M. Wade Manufacturing Company exhibited its bill in the Circuit Court for Broward County against Wm. W. Jackson in August, 1930. The facts alleged in the bill were in substance as follows: Jackson and H. M. Harrison

were indebted to the Corporation in a large sum and to secure the payment of the debt executed and delivered to the Corporation a mortgage upon certain personal property described in the bill comprising a complete store and restaurant equipment located in a store in Hollywood occupied by them. The date of the instrument was April 12, 1927. It was alleged that the mortgage contained provisions for the "retention of title to certain properties then sold by the Complainant to the said Jackson and Harrison, and * * was given to secure the payment of the purchase price" therefor.

Subsequently to the making of the alleged mortgage Jackson acquired Harrison's interest in the chattels and Jackson afterwards was adjudicated a bankrupt and there was allowed to him as his exemption the properties upon which the complainant held its mortgage. The bill alleged that the defendant Jackson had failed to pay the debt and that the "property" described in the mortgage was deteriorating daily and expenses were being incurred in preserving it and protecting it from loss by fire; that while the Referee had entered an order setting aside the property to Jackson it was still in the hands of the Trustee but when delivered to the defendant he would remove it beyond the court's jurisdiction and conceal it so that it would not be forthcoming to answer the court's decree. Foreclosure of the alleged lien was prayed, an accounting from Jackson, and the appointment of a Receiver, and the payment of solicitor's fee.

A few days after the filing of the bill an application was made to the court for the appointment of a receiver and upon the same day the application was made the court appointed C. H. Landefeld, Jr., as receiver and directed him to take charge of, manage and control the property. Landefeld was also the Trustee in Bankruptcy.

In October, something less than two months later, the

defendant demurred to the bill. The demurrer was general, attacking the equity of the bill. It was pointed out that the exhibit to the bill called the mortgage was a "retain title contract"; that it covered only such furniture and equipment as was purchased from the complainant and no other property and that the purpose of the bill was not to enforce a lien upon that property but upon other parts of the equipment and that the exclusion from the suit to foreclose of the property upon which the title was retained by the contract constitutes an election on complainant's part to treat the contract as a conditional sale and not as a mortgage. The demurrer was overruled.

A motion was also made to dismiss the receivership, embracing the same grounds and others. The order was denied. Thereupon Jackson took an appeal from all orders; the orders appointing the receiver, overruling the demurrer and denying the motion to dismiss the receiver. Upon application the appeal was ordered to operate as a supersedeas to the order overruling the demurrer.

A day after the order of supersedeas was entered the Chancellor on petition directed the Receiver to rent the property to W. A. Roper for fifty-two dollars per month. This order was made October 31st, two or three days before the supersedeas bond was approved.

The result of the appeal was a reversal of the Chancellor's order appointing a Receiver. The complainant was allowed time to amend its bill, failing to amend that the bill should be dismissed. See Jackson v. Wade Mfg. Co., 102 Fla. 970, 136 South. Rep. 689.

While the case was pending in the Supreme Court, the Receiver made his report to the Chancellor, showing that he had obtained two hundred and sixty dollars as rental for the property, had expended sixty-three and had left on hand a balance of one hundred and ninety-seven dollars. Several months afterward the mandate from the

Supreme Court was sent down, the complainant declined to amend its bill and the court, by order dated December 17, 1931, dismissed the bill.

On December 30, 1931, Jackson submitted a motion to the Chancellor for an order directing the payment to him of the two hundred and sixty dollars which the Receiver had collected and taxing as costs against the complainant the amount expended for insurance on the property which was thirty-eight dollars and the sum allowed for storage of the property amounting to twenty-five dollars. The motion was denied and the court ordered that the Receiver retain one hundred dollars for his fees and the balance of ninety-seven dollars be paid over to solicitors for defendants. From that order the defendant Jackson appealed and a supersedeas order was obtained.

The order of supersedeas in the first appeal, which order was dated October 30, 1930, applied only to the order overruling the demurrer to the bill.

Now the Receiver was appointed by order dated August 19, 1930. Defendant appeared September 1, 1930, and on October 10th demurred to the bill. The demurrer was overruled on the 18th of the same month. On the 22nd of the same month the motion was made to dismiss the receivership. That motion was overruled on the 30th of the month. On the same day an appeal was taken to the three orders as stated. The application for supersedeas and the order of supersedeas applied only to the order overruling the demurrer.

The opinion of this Court in the case stated that the appeal was from the order appointing the Receiver. Jackson v. Wade Mfg. Co., *supra*. The Court held that the complaint showed no right to a foreclosure, no basis for the relief prayed and therefore no basis for the appointment of a receiver. This Court, speaking through Mr. Chief Justice BUFORD, said: ''The order appealed

from should be reversed'' with directions that the complainant be allowed to amend its bill. The view of Mr. Justice BROWN, with whom the writer concurred, was that there was nothing in the instrument sought to be foreclosed to show that it was a mortgage and that it was clearly on its face a conditional sales contract.

It is clear therefore that the order appointing the Receiver was erroneous from the viewpoint of either opinion. That the court below had jurisdiction to entertain the bill was recognized by the majority opinion as permission was allowed to amend the bill. The order appointing the Receiver and his activities under the order were not superseded, but the demurrer challenged the equity of the bill, the order overruling the demurrer was superseded. The appellate court held that there was no equity in the bill and no basis for the appointment of a receiver. On the appeal this Court obtained jurisdiction of the cause. Continuing the activities of the Receiver was unauthorized as such activities proceeded on the theory that the court below had power to proceed with the administration of justice in the cause, the appeal to the contrary notwithstanding. If it had been the matter of preserving a fund, or property of which the court through its receiver had taken possession, and an appeal had been taken from some order relating to the fund or the property, as for instance concerning its distribution, the appeal from such order would not deprive the trial court from taking all steps necessary to preserve the fund pending the appeal. See Spring vs. South Carolina Ins. Co., 6 Wheat. (U. S.) 519, 5 L. Ed. 320; May v. Printup, 59 Ga. 128 (text 135); Williams Case, 3 Bland's Ch. (Md.) 186 (text 217); Moran v. Johnston, 26 Gratt. (Va.) 108, (text 110); Beard v. Arbuckle, 19 W. Va. 145, (text 148).

As the equity of the bill and therefore the jurisdiction of the trial court was questioned by the demurrer, the

appeal from the order overruling the demurrer and the supersedeas which followed deprived the trial court of jurisdiction over all questions connected therewith. 2 Ency. Pl. and Pr., 327; Allen v. Allen, 80 Ala. 154; Harrison v. Trader, 29 Ark. 85.

But as the appeal did not operate as a supersedeas until the bond required by the order and statute was filed, see Sec. 4621, C. G. L. 1927, we are of the opinion that the trial court's order directing the Receiver to rent the property was within the court's power, in so far as such rental of the property was a means to its preservation during the pendency of the appeal.

Upon the reversal of the order overruling the demurrer which carried with it, by express language of the court, the reversal of the order appointing the Receiver, it would seem to follow that any order of the court affecting the property or the proceeds from its rental would be beyond the court's power especially after the bill was dismissed pursuant to an order from this Court, although it may be admitted that the trial court had power to assess the costs.

The expenses and allowance to the Receiver as fees constitute part of the costs and in the absence of an order validly made as within the court's power to the contrary the losing party should be required to pay the same. In a brief filed by Mr. Landefeld, the Receiver, it is admitted that the trial court "was without any authority to enter an order in respect to the moneys collected" by him as Receiver. That statement, with the single qualification that the trial court had power to direct him to pay it over to Jackson, we think, is sound. For Landefeld had received the money as Receiver, that is, agent of the Court, and as such he must account for it. It is not permissible for him to assert any personal claim to it. His possession of the fund is the court's possession, notwithstanding the fact that

the court took possession through an erroneous view of the law and its own power.

The Receiver's fees are part of the costs of the suit and the general rule is that they follow the result of the suit. Lewis v. Yale, 4 Fla. 441; Moyers v. Coiner, 22 Fla. 422; Herndon v. Hurter, 19 Fla. 397; Mirror Lake Co. v. Kirk Securities Corp., 98 Fla. 946; 124 South. Rep. 719.

The rule is discussed in Clark on the Law of Receivers, Vol. 1, Sec. 850, in which it is stated:

"There might be cases where a receiver was erroneously appointed but not under circumstances as to make the appointment absolutely void, which would warrant an order that his disbursements be paid out of the funds, as for example, where the property consisted of a herd of cattle for which the receiver had to buy fodder. In such a case it would be fair and just to charge the successful party with the cost of feeding, for he would have had to incur it if the animals had remained in his own custody. But commissions and all disbursements except such as would have been necessary if the custody of the property had remained unchanged would seem to stand on a different footing.

"If the receiver takes property in violation of the owners' rights to that property, the property should not bear the payment of costs incurred in the attempt to deprive the owner of his property.

"The receiver when duly appointed by the court is an officer of the court. He is not a party moving the court for his appointment and has no beneficial interest in the litigation. He should, therefore, in equity and good conscience be compensated for his services and be reimbursed for his expenses."

See also 2 Tardy's Smith on Receivers, (2nd Ed.) 1752; 53 C. J. 306, Sec. 504.

This Court in Moyers v. Coiner, *supra*, said: "In a court of equity this rule is departed from, when the failing party can show to the court any circumstances which would render it unjust that he should pay the costs of the proceedings." See also Willis Valley Mining & Mfg. Co.

v. Galloway, 155 Ala. 628, 47 South. Rep. 141; McAnrow
v. Martin, 183 Ill. 467, 56 N. E. Rep. 168; Rice Co. v. Mc-
John, 244 Ill. 264, 91 N. E. Rep. 448.

"It is generally held that, where the appointment
of a receiver is without legal authority, improper, or
inequitable, the party at whose instance the receiver
was appointed, and not the receivership fund, is liable
for the expenses of the receivership."

See annotations to Crump & Field vs. First National
Bank of Pikeville, et al., 299 Ky. 526, 17 S. W. Rep.
(2nd) 436, as reported in 68 A. L. R. 883, note III.

This case is not of that class where the circumstances
make it equitable to order the receivership expenses to be
paid wholly out of the fund.

The complainant in this case obtained the appointment
of the Receiver; there was no justification or ground ex-
hibited by his bill in chancery for such an appointment;
he had no lien upon the property involved; no claim of
right to its detention by the court and the court erred in
entertaining jurisdiction of the cause. There was no
ground in equity for depriving the defendant of the pos-
session of the property to which he was entitled when the
bill was filed and the Receiver was appointed. The fact
remains however that the insurance of the property re-
dounded to defendant's benefit and of which he had the
benefit pending the receivership. While he may not have
elected to incur that expense it was nevertheless a means
by which the value of the property was preserved pend-
ing the litigation. That item only should in these circum-
stances be charged to him to be paid out of the fund, but
the remainder of the sum of two hundred and sixty dol-
lars should be turned over to him.

We have examined the authorities cited in the excel-
lent brief of solicitors for the appellee but we are unable
to agree with them in the conclusion reached by them.

We do not agree to the proposition that Landefeld, who

acted under authority of a court order appointing him as receiver and directing him to rent the property as a means for its preservation, may be regarded by the complainant, who secured his appointment, as a quasi-trespasser who securing possesion of fund derived from the rental of property in the court's hands may not now be required by the court to account to it for such funds. Nor do we perceive any merit in the proposition that the so-called "fund" accumulated during the appeal. The so-called fund was a mere increment of the property, a sum paid as a price for its use by some one other than the defendant, who was entitled of right to its immediate possession.

The order appealed from is reversed with directions to the Chancellor to direct C. H. Landefeld, Jr., to pay over to the defendant the sum of two hundred and sixty dollars derived by him as rent for the use of the property less the sum expended for the insurance premium which is shown by the Receiver's report to have been thirty-eight dollars.

Reversed.

BUFORD, C.J., AND BROWN, J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.