ERNEST AMOS, as Comptroller of the State of Florida, and J. H. THERRELL, as Liquidator of Guardian Trust Company, *Appellants*, vs. BURWELL & SIBLEY, a co-partnership composed of W. H. BURWELL and MARION E. SIBLEY, *Appellees*.

143 So. 607.

Division B.

Opinion filed August 24, 1932.

*Cary D. Landis,* Attorney General and *Carl T. Hoffman,* for Appellants;

*Burwell & Sibley,* for Appellees.

DAVIS, J.—In this case the appellees, as attorneys for complainants in a chancery proceeding in the Circuit Court, were employed to have wound up the business of the Guardian Trust Company and the City Trust Company in Miami, Florida. They filed a bill for that purpose and a receiver was appointed for both companies. The Comptroller of the State intervened and was successful in securing a writ of prohibition under which he secured possession of the

Guardian Trust Company as against the court receiver. See State ex rel. Landis, Attorney General, v. Circuit Court for Eleventh Judicial Circuit, 102 Fla. 112, 135 Sou. Rep. 866, 870, 877.

In Lewis v. Gaillard, 70 Fla. 172, 69 South. Rep. 797, this Court held: ''Where counsel has been employed to obtain or create a fund for the joint benefit of both parties, his fees, if he prevails, not if he loses, may be paid out of the funds; but where the interests of the parties are adverse, only legal taxable costs can be allowed.''

In all proceedings in the court below subsequent to the Comptroller's intervention, the interests of the complainants in the Circuit Court were adverse to the asserted power of the Comptroller, so only legal costs can be allowed out of the trust estate as to the steps in the litigation subsequent to the Comptroller's intervention.

For services rendered in bringing the bill of complaint and in having a receiver appointed for the Guardian Trust Company prior to action by the Comptroller the appellees are entitled to a reasonable fee for their services out of the trust estate, because to that extent they were successful in the litigation as between the complainant and the original defendant, and the suit was for the benefit of a class of persons having an interest in the preservation of the trust estate.[*]

The Chancellor awarded a fee of $2500.00 for such services. Upon the record before us we cannot say such fee was so excessive as to warrant a reversal of the order allowing the same, although it appears to be out of line

---

[*]The trust company had attempted voluntary liquidation under Section 6144 C. G. L., 4201 R. G. S., before the suit in equity was filed. Upon direct appeal to this Court's order appointing a Receiver and another order refusing to discharge him were affirmed by us, thereby conclusively establishing the propriety and legality of the initial equity suit concerning which the fees involved were claimed and allowed. See City Trust Co. vs. Will Allen, 136 Sou. Rep. 318.

with those heretofore approved by us as reasonable for a like service.

It is not clear that in fixing the fee at such an amount the Chancellor allowed any compensation for complainants' counsel for his services rendered in the subsequent adverse litigation with the Comptroller. This litigation was unsuccessful in so far as the Guardian Trust Company was concerned and had the Chancellor allowed anything for such services, such allowance would have been erroneous. We must presume that the amount of the fee was fixed with reference to the services rendered by the counsel for the complainants in procuring the appointment of a receiver and having the trust estate preserved pending the assertion of the right to it by the Comptroller. That being so, it does not appear that there is included in the amount allowed any allowance of attorneys fees for the unsuccessful adverse services of the appellees in seeking to secure a judicial administration of the assets of the Guardian Trust Company as against the Comptroller.

The appeal in this Court being from the order of the Court dated October 15, 1931, allowing $2,500.00 attorneys fees to be paid out of the assets of the Guardian Trust Company to Burwell & Sibley, the appellees, as attorneys for the complainant in the Court below, and it not appearing that such allowance was erroneous under the authority we have heretofore cited, the decree appealed from should be affirmed and it is so ordered.

Affirmed.

BUFORD, C.J., AND WHITFIELD, AND TERRELL, J.J., concur.

ELLIS, J., dissents.

ELLIS, J., dissenting.—Will Allen, by his solicitors, commenced a suit in the Circuit Court for Dade County for the appointment of a Receiver for The City Trust Company and the Guardian Trust Company on May 8, 1931. The bill was in behalf of Will Allen, a creditor of the City

Trust Company, and other creditors of both Corporations. The City Trust Company was owner of the majority of the capital stock of the Guardian Trust Company. The bill prayed for a preservation of the assets of both Corporations, which it was alleged were being fraudulently manipulated, depleted and destroyed by Morgan S. McCormick and his associates; there was a prayer that McCormick and his associates be required to return to the two Corporations the assets so fraudulently misappropriated. The Court appointed a Receiver, H. H. Taylor, for both Corporations.

Subsequently to the court's action in this regard, on May 9, 1931, the Honorable Ernest Amos, as Comptroller of the State, appointed a liquidator for the Guardian Trust Company under the Statutes of the State in such cases provided.

The Attorney General of Florida caused to be filed in this Court a suggestion for a writ of prohibition to be directed to the Circuit Court for the Eleventh Judicial Circuit to prohibit it from exercising jurisdiction in the cause. The Circuit Judge answered the rule nisi, to which a demurrer was interposed and the demurrer was sutained by a divided court. The opinion resting upon the proposition that under the provisions of the Statutes of this State relating to Banking, Chapter 13576 Laws 1929, the action of the Court in taking cognizance of the case and appointing a receiver was unauthorized as being without its jurisdiction. The court, speaking through Mr. Justice Whitfield, said:

> "While upon proper parties being made the allegations of the bill of complaint filed by Will Allen may be sufficient for particular relief that would not exclude the statutory authority of the comptroller who sought intervention and was denied, yet, as the bill prayed for an equity receiver of all the assets of the trust companies shown to be insolvent to the entire exclusion of the

554

statutory authority of the comptroller, the object of the
bill of complaint was not within the inherent powers of
a court of equity or within the proper scope of an equity
court under the statutes above quoted."

The cases of State ex rel. Knott v. Willmer, 102 Fla. 64,
135 South. Rep. 859, and State v. Barns, 99 Fla. 1258, 128
South. Rep. 860, were cited in support of the conclusion.

By and through its decisions involving the banking laws
of the State this Court has reached the ultimate proposi-
tion that the Legislature has by the acts in question trans-
ferred to the executive department of the State the power
to the exclusion of the judicial department to administer
the assets of an insolvent bank. The language of the court
as used in the majority opinions in the cases cited alone
make that point perfectly clear but when considered in
connection with the minority opinions in which contrary
views were expressed it is idle to say that even any ex-
ception or qualification exists to the doctrine as announced.
The writer has never been in accord with such doctrine,
finding no justification for it in reason, in the Constitution,
or the purpose of the Statutes. However, such is the
doctrine announced by a majority of this Court and that
doctrine should obtain in the consideration of this matter.
So the "object of the bill of complaint was not within the
inherent powers of a court of equity or within the proper
scope of an equity court under the statutes." If that is
true the Court in the appointment of Taylor as Receiver
was wholly without jurisdiction and the appointment was
a nullity.

Upon final hearing in the case of State v. Circuit Court
for Eleventh Judicial Circuit, *supra,* reported in 102 Fla.
112, 135 South. Rep. 866, this Court, speaking through Mr.
Justice Brown, the case being reported in 102 Fla. 122, 135
South. Rep. 870, said that while the action of the Court
in appointing Mr. Taylor as Receiver for the City Trust

Company was valid and within its jurisdiction "its action in appointing Mr. Taylor as Receiver for the Guardian Trust Company was beyond its jurisdiction, and that the writ of prohibition to that extent should be made absolute."

The result was that the writ was granted in so far as the court's powers are sought to be exercised in the matter of the appointment of a Receiver for the Guardian Trust Company and denied as to its jurisdiction and powers in relation to the appointment of a Receiver for the City Trust Company.

Messrs. Burwell and Sibley solicitors for Allen and others in the suit for the Receiver of the two Corporations, submitted in October, 1931, their application to the Circuit Court for the Eleventh Judicial Circuit for Attorneys' fees to be paid to them from the funds of the Guardian Trust Company which the Receiver appointed by the Court for that Corporation had taken into his possession.

Mr. Ernest Amos, as Comptroller, and J. H. Therrell, as Liquidator of the Guardian Trust Company, resisted the application by motion to dismiss it. The grounds were that the court was without jurisdiction; that there was no authority in law to charge the assets of the corporation with any liability for attorneys' fees; that the court was without jurisdiction to authorize the payment from the assets of the corporation by the receiver of any claim of any person including the petitioners Burwell and Sibley; that they have no lawful claim upon the assets of the Corporation and cannot be paid for their services out of the funds; that they are not creditors of the Guardian Trust Company; that the Receiver was without authority to administer the assets of the Company; that if Messrs Burwell and Sibley are entitled to any compensation it should be paid through the Liquidator.

The court overruled the motion, evidence was taken and the court ordered that Messrs Burwell and Sibley be al-

lowed the sum of $2,500.00 for their services in procuring the appointment of a receiver for the Guardian Trust Company and that the same be allowed out of the assets of that corporation and that the Liquidator J. H. Therrell be empowered and directed to pay that sum to the solicitors from the assets of the Guardian Trust Company.

That order was simultaneously entered with a decree ordering Taylor, the Receiver, to deliver to the Comptroller "and/or" the Liquidator the assets of the Corporation.

What authority in law there is for ordering the assets of the Corporation to be turned over to the Comptroller *and* the Liquidator and just how that feat could be accomplished is not explained, however the point is of no importance as being without jurisdiction to make any disbursement of the funds at all the court could only recognize the Liquidator's right under the Statute and the decisions of this Court to the possession of the assets.

The Comptroller and the Liquidator appealed from the order.

If the court had no jurisdiction of the subject matter, if "the object of the bill of complaint was not within the inherent powers of a court of equity, nor within the proper scope of an equity court under the statutes," it follows that the appointment of the Receiver was a nullity, wholly without the court's jurisdiction. In such case the solicitors' fees contracted under a void proceeding would not be a charge upon the property of the corporation. See Conrades v. Pearcy, 302 Mo. 627, 259 S. W. Rep. 98; Finnean v. Burton, 29 Fed. Rep. 37; Jackson v. H. M. Wade Mfg. Co., 105 Fla. 560, 142 South. Rep. 228.

It is unnecessary to cite further authority upon the above proposition. In the Jackson-Wade case, *supra,* it was held that not even the costs of the proceeding were taxable against the property in possession of the receiver.

The compensation of solicitors for services performed by

them in obtaining the appointment of a receiver who, notwithstanding his illegal appointment because of the non-existence of the court's power to make the appointment and complete lack of jurisdiction in the matter, secured possession of the property belonging to the Guardian Trust Company, a going concern at the time of the appointment, is not a charge that may legally or equitably be laid upon the property of the corporation in his hands. Such a course would lead to incalculable abuse and bring unjustifiable hardship upon the victims of such illegal proceedings.

A person with no equity in his claim who applies to a court without jurisdiction for the appointment of a receiver for the debtor's property, and secures such an appointment and takes from the possession of the debtor the property to which the latter is entitled, has little or no ground legal or equitable to stand upon in demanding that the solicitors' fees incurred by him in such illegal proceedings should be paid out of the debtor's funds. Moyer v. Coiner, 22 Fla. 422; Lewis v. Yale, 4 Fla. 441.

The rule that when the appointment of a receiver is without legal authority, improper or inequitable, the party at whose instance the receiver was appointed and not the receivership fund is liable for the expenses of the receivership is also a general rule. Jackson v. Wade, *supra*.

The case of Lewis v. Gaillard, 70 Fla. 172, 69 South. Rep. 797, in my opinion is not in point and therefore affords no authority for the payment of solicitors fees in this case. In the Lewis-Gaillard case the court had jurisdiction of the subject matter. In the instant case the court did not have jurisdiction. In the former case the solicitors fees were not allowed although the court did have jurisdiction. It cannot be maintained logically that because the complainant Allen brought the suit for the benefit of a class which consisted of creditors of the Guaranty Trust

Company and succeeded by the illegal proceeding in impounding the debtor's assets he was to that extent successful as between him and the corporation because the Comptroller at a later date acting under the authority conferred upon him by the Statute and in the exercise of his discretion, saw proper to assume control of the Corporation's business and liquidate its affairs. If the Comptroller had not decided to take over the Corporation's properties could the contention be successfully sustained that the complainant was entitled to the payment of the costs and solicitors' fees incurred in illegally procuring the receiver? Clearly not, in view of the rule.

Then what virtue of legality was imparted to the claim by the Comptroller's action? His delay in acting was not made the basis of an independent equitable ground for the appointment of a receiver by the court. That delay may have been, in the absence of any allegation to the contrary, entirely consistent with the exercise by him of a discretion vested in him under the statute. Certainly his failure to act before the complainant brought his suit afforded no ground, nor was it attempted to be made the basis, of an independent equity as evidencing mismanagement, fraud and dereliction of duty in the interest of the Corporation.

It was also stated in the case of State v. Circuit Court for Eleventh Judicial Circuit, *supra,* that "It would also appear that the interests of the City Trust Company and the Guardian Trust Company are, or will prove to be, in some respects antagonistic." That statement was made to illustrate the impracticability of making one man receiver for both companies, but the observation nevertheless emphasizes the point in the Lewis-Gaillard case, supra, that where the interests of the parties are adverse and the complainant loses, his fees may not be paid out of the funds.

A document denominated a "Supplemental Transcript of Record" was lodged in this Court and marked "Filed"

by the Clerk. This was done pursuant to an order of the Court as stated in appellants' brief. I do not understand however why the records of this Court should have been burdened with such unnecessary papers and certainly the filing of such document contributed nothing to a correct determination of the cause.

The language in appellants' brief, to which appellees took exception, is subject to some criticism, at least in the viewpoint of the writer. I am not one of those who believe that the banking laws of this State grew out of a necessity arising from "improvident" activities of our Circuit Judges in the matter of receiverships and the wasteful extravagances of such judicial administration. Nor do I think that the gentlemen of the Executive Department are endowed with superior virtue or intelligence which peculiarly fits them for the task of administering the affairs of a defunct trust company.

In my opinion, the economic necessity for such Executive management never existed, except perhaps in the imagination of the particular persons who may profit by it, and experience of such management has not furnished indisputable evidence of such necessity.

The initial purpose of the law was to create Executive supervision over banking companies to the end that there should be no bank failures, not to provide a more economical and efficient liquidation of the assets of a defunct bank. See Bryan v. Bullock, 84 Fla. 179, 93 South. Rep. 182. Certainly criticisms of a Circuit Judge of the kind made can add nothing to the force of a brief which is very able in other respects.

I think the order appealed from should be reversed.