W. W. Whitehurst and Latimer C. Farr, *Appellants,* v. Alsie Owens, et al., *Appellees.*

148 So. 583.
Division B.
Opinion filed May 8, 1933.

*W. W. Whitehurst,* for Appellants;

No appearance for Appellees.

Davis, C. J.—On May 26, 1930, the Circuit Court entered its decree dismissing a bill of complaint in chancery that had been filed by Alsie Owens, and C. D. Owens, her husband, against C. G. Harbour, and C. S. Dishong, as Sheriff of Hardee County. The dismissal was pursuant to a written stipulation of the parties.

On June 8, 1932, the same court also entered an order in the cause that had been dismissed, in which order the court recited that one R. S. McWilliams had been appointed as receiver in the dismissed cause, while it was still pending; that as such receiver he had collected certain moneys for

a certain strawberry crop which the receiver had picked and marketed; that thereafter complainant and defendants had applied for a discharge of the receiver and for leave to withdraw the proceeds deposited by the receiver in the registry of the Court after payment out of same of all cost received; that the proceeds had been withdrawn; that the withdrawal had been without payment to the receiver of his compensation; that the sum of $110.00 was a reasonable amount to be paid for the compensation of the receiver; that it should be and was accordingly ordered, adjudged and decreed that the solicitors, who had caused said moneys to be withdrawn, namely, W. W. Whitehurst, solicitor for complainant, and Latimer C. Farr, solicitor for defendants (both of whom had signed the stipulation for dismissal of the cause) should forthwith reimburse the registry of the court and pay into same out of the proceeds taken by them out of the registry of the court after dismissal of the cause, the sum of $110.00, to be paid the receiver for his compensation.

This appeal taken from the order just referred to is the proposition now before this Court for decision.

The appellants in their briefs, contend that R. S. McWilliams never was appointed as a receiver in the cause and that he was entitled to no compensation.

The transcript of the record is certified to by the Clerk as containing "a true and correct recital and copy of all such papers and proceedings in said cause as appear upon the records and files in my office." If, as certified to by the Clerk, the transcript does in fact contain a true and correct recital and copy of *all* papers and proceedings appearing in said cause upon the records and files in the Clerk's office, then the only showing in the record of any appointment of a receiver in the cause, is the fact which

does appear of record, that on March 22, 1932, a paper, purporting to be a receiver's report on strawberry crop of M. L. Seay, was filed in the cause, although the cause had at that time stood dismissed by an order of court entered about two years before that.

The order appealed from is operative against the attorneys of record, not the parties to the cause.

It is not shown that either of said attorneys, at the time the order was made, still retained in their hands any of the moneys that had been disbursed from the registry of the court, after having been paid into the registry by the alleged receiver. So far as we can gather from the order appealed from, the effect of it to adjudicate as a personal money liability against the attorneys in a long-since dismissed chancery case, the costs of an alleged receivership, which the attorneys deny ever existed, and which the record fails to show ever did exist, except as it may inferentially appear.

Whether the receivership ever existed or not, there was no authority for the court to enter, two years after dismissal of the suit, an order against the attorneys of record, requiring them to stand personally liable to pay to the alleged receiver his compensation, merely because they had procured the disbursement from the registry of the court of funds that might have been applied in part to such receivership costs, no such application having been at the time directed, nor any showing being now made that the attorneys still are holding some of the original moneys disbursed.

The disposition of the present appeal appears to be controlled by what was said in Holland v. McGill, 107 Fla. 444, 145 Sou. Rep. 210. On the authority of that case the order appealed from must be reversed and it will be so ordered.

Receiver's fees, being part of the costs, follow the suit, when not otherwise provided for, and motion to tax same as costs against complainant or defendant or both in a case dismissed on stipulation of the parties, would during the period the court retains jurisdiction over its decree be appropriate, if it is made to appear that receiver's expenses and compensation have been incurred and not paid. See Jackson v. H. M. Wade Mfg. Co., 105 Fla. 560, 142 Sou. Rep. 228.

Reversed and remanded for appropriate proceedings.

ELLIS and TERRELL, J. J., concur.

WHITFIELD, P. J., and BROWN and BUFORD, J. J., concur in the opinion and judgment.