# Kennebrew v. Southern Automatic Electric Shock Machine Company.

*Action of Assumpsit.*

1. *Existence of common law in a State; when presumption indulged.*—When there is no proof of the law of another State, nor judical knowledge of the origin of such State, which would raise the presumption that the common law prevails there, it will be presumed that the law of the forum in which the issue is being tried, is the law of such State on the question under consideration.

2. *Sale of machines; implied warranty.*—The law of this State implies a warranty in a contract for the sale of machines, that they are reasonably adapted to the uses and purposes for which they were sold.

3. *Same; question for jury.*—When, in an action of assumpsit

|106  377|
|112  521|
|106  377|
|L121 170|

|106  377|
|139  368|

[Kennebrew v. Southern Automatic Electric Shock Machine Company.]

brought to recover the purchase price of a machine, there is an issue raised as to whether there was a breach of the implied warranty that the machine was reasonably adapted to the purposes for which it was sold, and there is evidence tending to show there was a breach of such warranty and consequent damage, the question should be submitted to the jury, and the general affirmative charge is erroneously given.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES J. BANKS.

This was an action of assumpsit brought by the appellee, the Southern Automatic Electric Shock Machine Company, against the appellant, D. D. Kennebrew. The facts of the case are sufficiently stated in the opinion. There was judgment for plaintiff. The defendant appeals and assigns as error the giving of the general affirmative charge in favor of the plaintiff.

SUMTER LEA, for appellant.—When there is neither pleading nor proof of a foreign law, the presumption is there is no law on the subject, and the law of the forum governs.—3 Amer & Eng. Ency. of Law, 539, n. 2; 545, n. 3; *A. G. S. R. R. Co. v. Carroll*, 18 L. R. An. 440; *Gray v. Jackson*, 12 Amer. Rep. 1.

JAMES E. ZUNTS, *contra.*—1. The contract is shown to have been executed in the State of Louisiana, and must be governed by the laws of Louisiana.—*Pilgreen v. State*, 71 Ala. 369; *Foley v. Felrath*, 98 Ala. 176; 21 Amer. & Eng. Ency. of Law, 511, and cases cited, note 3; 512, note; Story Confl. Laws, pp. 276, 277, § 240; 3 Amer & Eng. Ency. of Law, 543, note 545 and 547; 1 Amer & Eng. Ency. of Law, 420; *Boit v. Maybin*, 52 Ala. 253; *Preston v. Dunham*, 52 Ala. 217.

2. The state of Louisiana not having had a common origin with Alabama, the courts of this State can not assume that law of warranty in sale of chattels is the same as in this State.—*Snow v. Schomacker*, 69 Ala. 111; *Castleman v. Jeffries*, 60 Ala. 388; *Crone v. Dawson*, 1 West Rep. (Mo.) 689; 1 Greenl. Evidence (15 ed.), 66, note.

3. The difference between express and implied contracts is merely a difference in the mode of proof. *Church v. Imp. Co.*, 6 Adol. & Ellis, 230; Bishop on

Contracts, § 189. Where evidence is introduced in support of a possible special plea, and both parties try the case as though such plea had been filed, the case will be treated as though such special plea had been filed.—*R. & D. R. R. Co. v. Farmer*, 97 Ala. 141; *Hill v. Birmingham Union R. Co.*, 100 Ala. 447.

McCLELLAN, J.—There is a *dictum* in the case of *Castleman v. Jeffries*, 60 Ala. 380, 388, to the effect that there is no presumption as to what the law is in a State which is not of common law origin, the court saying: "No proof has been made of the laws of Texas bearing on this question. If Texas had had a common origin with this and other older States, we would presume the common law prevails there. But Texas did not have a common origin with these older States, as to which this presumption is indulged. Hence, we are left without proof, and without presumption as to what are the laws of Texas which govern the transmission of property, and the effect of marriage upon its title and enjoyment." We say this was *dictum* because the question in the case, in connection with which the laws of Texas were spoken of, was decided according to the laws of Alabama, and this upon considerations which would have obtained even though different laws of Texas had been in proof. This *dictum* is opposed to the overwhelming weight of authority. It is almost universally held that where there is no proof of the law of another State, nor judicial knowledge of the origin of such State, which would raise up a presumption that the common law prevails there, it will be presumed that the law of the forum in which the issue is being tried is the law of that State on the question under consideration.—*Brown et al. v. Wright et ux.* (Ark.) 21 L. R. A. 467, and the numerous authorities cited in note thereto, especially *Sandmeyer v. Ins. Co.*, 2 S. Dak. 346; *Southern Ins. Co. v. Wolverton Hardware Co.*, 21 L. R. Ann. 469, notes; *Bradley v. Ins. Co.*, 3 Lans. 341; *Garner v. Wright*, 52 Ark. 385, s. c. 6 L. R. A. 715; *James v. James*, 81 Tex. 373; 3 Am. & Eng. Encyc. of Law, p. 539, n. 2; *Gray v. Jackson*, 12 Am. Rep. 1.

This is an action for the recovery of the price agreed by the defendant to be paid for certain electric shock ma-

chines sold by plaintiff to defendant in the State of Louisiana. The defendant interposed the following plea: "The defendant for further answer to the complaint says that the amount here sued for is the purchase price of certain goods, merchandise or chattels known as electric shock machines, which were manufactured by the plaintiff for a certain purpose, and that said machines were not suitable for the purposes for which they were manufactured, sold and warranted; and upon discovery of their defects and inefficiency, defendant offered to return said machines to the plaintiff, wherefore defendant claims to recoup three hundred dollars, his damages in this behalf, from the amount claimed by the plaintiff." And issue was taken on this plea. There was no evidence adduced as to whether under the laws of Louisiana the sale by plaintiff imported a warranty of the adaption and usefulness of the machines sold to the purposes and uses for which they were sold; and because of this, the judge below gave the affirmative charge for the plaintiff, there being evidence of the facts laid in the plea. This was error. Under our law, the law of the forum, a warranty that the machines were reasonably fit for and adapted to the uses and purposes for which they were made and sold was implied in the transaction, (*Snow v. Schomacker Manufacturing Co.*, 69 Ala. 111); and on the principle stated above, this doctrine of our law, in the absence of proof of the law of Louisiana, should have been applied in the trial of the case below. Assuming the existence of such implied warranty, the evidence for defendant tended to show a breach of it and consequent damages. The case presented by this plea and joinder of issue upon it should have been submitted to the jury, and not withdrawn from their consideration by the affirmative charge given at plaintiff's instance.

Reversed and remanded.