# Fleming & Hines *v.* L. & N. R. R. Co.

## *New Trial.*

(Decided May 10th, 1906.　41 So. Rep. 683.)

*New Trial; Disregarding Instructions.*—The court charged the jury that, under the evidence, plaintiff could recover no more than nominal damages. The jury returned a verdict for a larger sum, which verdict the court set aside. Held, proper, whether the charge was erroneous or not.

APPEAL from Mobile Circuit Court.

Heard before HON. SAMUEL B. BROWNE.

This was an action brought by the appellants against appellee for damages for injury to eight head of mules and horses while in the possession of the defendant as a common carrier and during the transit thereof. There was considerable pleading in the case unnecessary to be here set out. At the conclusion of the testimony, the court instructed the jury that the plaintiffs were entitled to recover only nominal damages. There was jury and verdict for $265.00 in favor of plaintiff, and thereafter, defendant filed a motion for a new trial based upon the grounds that the damages assessed are excessive; that the jury disregarded the charge of the court; and verdict is not supported by the evidence. The court granted a new trial on the hearing of this motion and from this order the present appeal is prosecuted.

R. W. STOUTZ, for appellant.

GREGORY L. SMITH, and JOEL L. GOLDSBY, for appellee.

ANDERSON, J.—The only question we are called upon to determine on this appeal relates to the action of the trial court in granting a new trial. The court charged the jury that plaintiff could only recover nom-

inal damages, and the jury, in disregard of the instructions, brought in a verdict for $265, and the trial court properly set the verdict aside. It is essential to an orderly administration of justice that juries should obey the instructions of the court. If the court is in error in giving instructions, the jury should, nevertheless, obey the instructions, and the injured party would have recourse by appeal to this court, which is the proper forum to pass upon the actions of the trial court.

Affirmed.

WEAKLEY, C. J., and TYSON and SIMPSON, JJ., concur.