**FURST & THOMAS v. SANDLIN et al.**
**(8 Div. 404.)**

(Supreme Court of Alabama. Nov. 30, 1922.)

1. **Contracts 101(1)—Validity of contract determinable by law of state where executed.**

The validity of a contract is to be determined by the law of the state in which it is made.

2. **Guaranty 2—Contract mailed from Alabama to Illinois and accepted in latter state held executed in Illinois and governed by its laws.**

Where a contract was signed by the principal and guarantors and forwarded by mail from the state of Alabama to plaintiffs at Freeport, Ill., where plaintiffs accepted and acted upon it, the instrument was made in Illinois and was governed by the laws of that state.

3. **Guaranty 90—When defense of fraud of principal was interposed by defendant guarantors in Alabama, in an action against them on a contract executed in Illinois, held error to exclude evidence of Illinois law applicable to defense, in absence of showing of fraud of plaintiff.**

Where, in an action against defendant guarantors residing in Alabama, on a contract made in Illinois, the principal defense was the alleged fraudulent representations made by the principal to the defendants as guarantors, as to the nature of the contract they signed, but no claim made that plaintiffs knew of or participated in the fraud of the principal, held error to exclude plaintiff's offer in evidence of numerous decisions of the Supreme Court of Illinois to the effect that the fraud of the principal constituted no defense to the guarantors, in the absence of a showing that plaintiff had knowledge of or participated in the fraud.

Appeal from Circuit Court, Franklin County; Charles P. Almon, Judge.

Action by Furst & Thomas against A. W. Sandlin, John P. Teas, L. S. McRight, E. T. Bolding. and A. C. Moody, as guarantors. From a judgment for defendants, plaintiffs appeal. Reversed and remanded.

The complaint reads:

"Plaintiffs claim of the defendants the sum of $2,000 due by a certain written instrument, in this:

"On or about January 29, 1915, these plaintiffs made a certain contract, in writing, with one L. T. Sandlin, same being in words and figures as follows, to wit:

"'Contract.

"'This contract made and entered into at Freeport, Ill., this 29th day of January, 1915, by and between Frank E. Furst and Fred G. Thomas, copartners, doing business under the name of Furst & Thomas, of Freeport, Ill., and L. T. Sandlin of Belgreen, Ala., hereinafter called the salesman, witnesseth: That upon the acceptance of this contract, Furst & Thomas agree to thereafter, unless prevented by strikes, fires, accidents or other cause beyond their control, fill and deliver on board cars at Freeport, Ill., the salesman's reasonable orders as long as this contract is in force and his account is in a satisfactory condition. They further agree that all goods sold and shipped to the salesman under this contract shall be charged to his account at their current wholesale prices to be paid for as provided below. Furst & Thomas also agree to furnish the salesman, free of charge on board cars at Freeport, Ill., a reasonable amount of advertising matter, order blanks, return envelopes, and other blanks for his use in conducting his business; also to give him free advice and suggestions through bulletins, booklets and letters as to best method of selling to consumers the goods purchased by him under this contract, but it is expressly agreed that nothing contained in such advice and suggestions shall be binding upon the salesman nor shall be construed as in any way modifying the terms of this contract.

"'The salesman in consideration of the extension of credit to him under this contract, agrees to devote his entire time and energy to the sale of goods purchased from Furst & Thomas and to conduct his business in a manner satisfactory to them. He further agrees to pay Furst & Thomas the regular wholesale prices of such goods furnished to him on credit under this contract in the following manner, to wit, on the installment plan, by paying to said Furst & Thomas in cash each week, one-half or more of the receipts produced during said week by the sale or disposal of goods purchased on credit from them; provided, that by paying his account in full on or before the tenth day of each month, said salesman shall receive a discount of 3 per cent.; if he remits cash in full with each order he shall receive a discount of 5 per cent.; from their current wholesale prices.

"'As a matter of good faith and to show what the receipts of his business are from week to week, he agrees to send Furst & Thomas each week a correct and fully itemized record of his business on forms provided for

that purpose by them. Either party shall have the right to terminate this contract by giving written notice to the other party; provided, that if the sale or purchase of goods under this contract be permanently discontinued for any reason it is thereby terminated and upon its termination from any cause by either party, the salesman agrees to settle within six months the balance due said Furst & Thomas on account; provided, that the salesman shall have the privilege of returning promptly after termination of contract and by prepaid freight his stock of unsold goods, and for all goods so returned in original, unopened bottles and packages, Furst & Thomas agree to allow credit at their current wholesale prices after deducting the cost of checking, handling and putting such goods back in stock, and if on final accounting, any balance is due the salesman, to pay the same promptly.

" 'It is expressly understood and agreed between the parties that this contract as signed by them constitutes the sole and entire agreement between them and no modification of this contract, written or verbal, shall be binding upon either of the parties unless in writing, signed by them and attached hereto.

" 'This contract is subject to acceptance by Furst & Thomas at their home office in Freeport, Ill., and shall be in force and effect from date of shipment of the first order of goods to the salesman.

" 'L. T. Sandlin, Salesman.

" 'Accepted at Freeport, Ill., Feb. 5, 1915.

" 'Furst & Thomas.'

"Plaintiffs allege that on said sheet of paper on which the foregoing contract was printed, the defendants became the guarantors of the payment to these plaintiffs of all amounts due to them by the said L. T. Sandlin under the terms of said contract, said guaranty being as follows:

" 'For and in consideration of the payment of $1.00, the receipt whereof is hereby acknowledged and the extension of credit to the above named salesman by Furst & Thomas, we, the undersigned, jointly and severally guarantee to them, the faithful performance of this contract by him and the payment for goods furnished to him on credit, as provided by the above agreement, waiving acceptance of this guaranty and all notice and we agree that the written acknowledgment of this account by the said salesman shall bind us, and that any extension of time shall not release us from liability hereon, and we further agree that upon six months from the termination of the above agreement by either party and the nonpayment of his account by said salesman, this guaranty shall become absolute as to the amount due from him and upon demand, we promise to pay the amount due Furst & Thomas without any proceedings being taken by them against the said salesman.

" '(Guarantors sign here.)

| Name. | Occupation. | P. O. Address. |
|---|---|---|
| A. W. Sandlin. | Farmer. | Belgreen, Ala. |
| John P. Teas. | Jeweler. | Russellville, Ala. |
| L. S. McRight. | Teacher. | Russellville, Ala. |
| E. T. Bolding. | Teacher. | Russellville, Ala. |
| A. C. Moody. | Clerk. | Russellville, Ala.' |

"And the plaintiffs allege that under and in conformity to the terms of its said contract with the said L. T. Sandlin, as above set out, it filled his orders and sold him goods; that said contract was terminated between these plaintiffs on, to wit, January 8, 1917; that at the time of the termination of the said contract there was due from the said L. T. Sandlin under the terms of said contract the sum of, to wit, $2,000; that there is still due under the said contract to these plaintiffs the said sum of $2,000; that more than six months has elapsed since the termination of said contract; that the said L. T. Sandlin has not paid the said balance due on said account under this contract to these plaintiffs; that said guaranty executed by the said defendants here sued on [is] absolute as to said balance due these plaintiffs by the said L. T. Sandlin under his said contract; and a demand has been made before the filing of this suit on the defendants for the payment to these plaintiffs of the balance due on said contract, and the said defendants have failed or refused to make payment to these plaintiffs of said amount due under 'said contract and under their guaranty. Hence this suit."

By special pleas defendants set up the fraud or misrepresentation of L. T. Sandlin, the principal, in the procurement of their signatures.

Demurrers to the pleas being overruled, plaintiffs replied that the contract was accepted in the state of Illinois, that it was governed by the laws of that state, and was not subject to the defense interposed by said pleas.

Defendants' demurrers to plaintiffs' replications were overruled.

Wm. L. Chenault, of Russellville, for appellants.

The evidence shows without conflict that the contract in suit was received by the appellants in Illinois, the first time they ever heard of it, and was there accepted by them. The contract by its terms was not complete until they accepted it. Therefore it is an Illinois contract, and governed by the laws of that state. 17 Ala. 636; 18 Ala. 248; 30 Ala. 253; 31 Ala. 9; 33 Ala. 449; 112 Ala. 514, 21 South. 711, 57 Am. St. Rep. 45; 155 Ala. 303, 46 South. 465, 18 L. R. A. (N. S.) 874, 130 Am. St. Rep. 24; 71 Ala. 368. Under the laws of Illinois a party cannot defend against his contract on the ground that he was led to sign the same on the statement of a party, who was not the payee or his agent, that the paper was merely a recommendation, or that some other person had signed or would sign as an obligor. 89 Ill. 237; 90 Ill. App. 434; 85 Ill. 218; 91 Ill. 328; 59 Ill. 412; 119 Ill. 579, 8 N. E. 189, 59 Am. Rep. 830.

Travis Williams, of Russellville, for appellees.

The contract with the guaranty clause attached was placed in the United States mails in Alabama, properly addressed to the appellants at Freeport, Ill. The salesman, or person to become a salesman, was the agent of the appellants in procuring the signatures of

the appellees and in depositing the contract in the mails. The appellants were put upon notice of any fraud perpetrated by the principal, and the pleas filed by appellees were good defenses. 7 Ala. App. 242, 60 South. 1001.

GARDNER, J. Appellants brought this suit against the appellees as guarantors for the performance of a certain written contract entered into between the appellants and one L. T. Sandlin. There was verdict and judgment for the defendants, from which the appeal is prosecuted.

The first insistence by counsel for appellants is that the contract here in question was made in Illinois, and governed by the laws of that state.

It appears without dispute that said contract signed by the principal, L. T. Sandlin, and also by these defendants as guarantors, was forwarded by mail from this state to the plaintiffs at Freeport, Ill., accompanied by a letter from Mr. Furst, who it appears was engaged in selling plaintiffs' goods under a similar contract. There had been no previous correspondence with reference thereto, and upon the arrival of this contract at Freeport it was there accepted and acted upon by the plaintiffs.

[1] It is recognized as a general rule of law that the validity of a contract is to be determined by the law of the state in which it is made. Deavors v. Southern Express Co., 200 Ala. 372, 76 South. 288; Am. Mortg. Co. v. Sewell, 92 Ala. 163, 9 South. 143, 13 L. R. A. 299; Southern Ex. Co. v. Gibbs, 155 Ala. 303, 46 South. 465, 18 L. R. A. (N. S.) 874, 130 Am. St. Rep. 24; Walker v. Forbes, 25 Ala. 139, 60 Am. Dec. 498; 9 Cyc. 666, 667.

[2] Mutual assent of the parties was, of course, essential to the validity of the contract, and under the undisputed proof in the case the contract forwarded to the plaintiffs was but a proposal until its acceptance by them. It is further stated as a general rule that the contract is entered into in the place where the acceptance is made. 9 Cyc. 670. With the exceptions to the general rules herein stated we are not here concerned.

The following authorities are directly in point as applied to the facts in this particular case, and fully sustain the contention that the contract here in question is an Illinois contract, and to be governed by the laws of that state: Milliken v. Pratt, 125 Mass. 374, 28 Am. Rep. 241; Rawleigh Med. Co. v. Walker, 16 Ala. App. 232, 77 South. 70; Rawleigh v. Van Duyn, 32 Idaho, 767, 188 Pac. 945.

[3] The principal defense relied upon by the defendants in this cause rested upon the alleged fraudulent representations made by the principal, L. T. Sandlin, to these defendants as guarantors as to the nature of the contract, thereby inducing them to sign the same; but it is not pretended that the plaintiffs (the obligees to the guaranty contract) knew of or participated in the fraud of the principal.

The plaintiffs offered numerous decisions of the Supreme Court of Illinois to the effect that, under these circumstances, the fraud of the principal constituted no defense to the guarantors, among them Davis Sewing Mach. Co. v. Buckles, 89 Ill. 244; Stoner v. Milliken, 85 Ill. 218; McCrea v. Murphy, 90 Ill. App. 434; but to these decisions the defendants' objections were sustained. The authorities offered by the plaintiffs were directly in point upon the defenses interposed, and therefore should have been received in evidence.

For the error indicated, the judgment of the lower court will be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.