(127 So. 51S)
## CITY OF DECATUR v. FINLEY.
### 8 Div. 96.

Supreme Court of Alabama.
March 20, 1930.

Rehearing Denied April 17, 1930.

Tennis Tidwell, of Decatur, for appellant.

E. W. Godbey, of Decatur, for appellee.

SAYRE, J.

The city of Decatur was proceeding to improve one of its highways known as the "Old Danville Road." Appellee here appealed from the assessment by the city council to the circuit court. In the circuit court, the jury impaneled to assess the increased value of appellee's contiguous property by reason of the improvement, proceeding according to the court's instruction, returned a verdict as follows: "We the jury finds for the plaintiff [meaning, as we interpolate, the city] and fix the damages at $3,100.00 principal and $877.30 interest." The assessment against appellee's property by the city council on account of the improvement had been $4,937. Upon the verdict, judgment was entered charging appellee's property with the cost of the improvement in the sum of $3,100 principal, and $877.-30 interest. Subsequently, the court, responding to appellee's motion duly made, ordered that so much of the verdict as added $877.30 interest to the assessed value of the improvement of appellee's property to be set aside and stricken from the verdict, and amended the judgment of condemnation so as to limit the amount thereof to the principal sum found by the verdict of the jury. From this amendment of the judgment the city appeals, and, in the alternative, prays for the writ of mandamus to compel the restoration of the item of interest to the judgment against appellee's property.

When submitting the case to the jury, the court had instructed them, mero motu, that they should add interest to the amount of the increased value of the property [by reason of the improvement] from a time thirty days after the assessment had been made—meaning made by the city council. There was at the time no objection or exception to this instruction by the court; but, as we have heretofore stated, the court subsequently, on defendant's motion, struck the item of interest from the judgment.

■ The court erred in its instruction to the jury on the subject of interest. The statute, section 2216 of the Code, provides that an assessment for an improvement of the sort here involved "shall bear interest at not exceeding eight per cent. per annum after the expiration of thirty days from the date on which the same is made final"—meaning, in the circumstances of this case, thirty days from the date of the judgment of the circuit

court. It was the duty of the jury, nevertheless, to follow the court's instruction. Fleming v. L. & N. R. R. Co., 148 Ala. 527, 41 So. 683. Nor would the error have availed defendant anything on direct appeal to this court for the reason that he had not reserved the point. And it has been held, correctly so, no doubt, that the failure to reserve an exception to a ruling of the trial court, at the proper time, cannot be cured by a motion made for a new trial, so as to render such ruling revisable on appeal. McLendon v. Bush, 127 Ala. 470, 29 So. 56; Geter v. Central Coal Co., 149 Ala. 578, 43 So. 367. The reasons for this rule are obvious. They are that the party shall not be permitted to speculate on the results of the court's ruling, and that the court may be apprised of the party's objection at the time a ruling is made and so afforded an opportunity to correct the same. The rule aforestated would conclude defendant property owner, if he were the appellant in this court. He was the appellant in the circuit court; but there the cause, so far as it involved an assessment of the increased value of defendant's property, was tried de novo, although the burden of proof then was made to rest upon the appellant property owner. Sloss-Sheffield Co. v. Birmingham, 201 Ala. 542, 78 So. 896.

■ But in the case presented by this appeal, the trial court committed error in its statement to the jury of the substantive law of the case, and substantially corrected its error by the elimination of the item of interest assessable at the time of the trial—an item resting, not upon proof, but upon a fixed rule of law, which neither the court nor the parties by any ruling on the one hand, or by any inadvertence or mistake on the other, could change. If the court's error had been of a sort to affect any rule of recoverable damages, and if damages assessable under such erroneous instruction had entered into the judgment in such way as to prevent their elimination with reasonable certainty, we would agree that the error could not have been cured in the manner adopted by the court in this case. But, as the verdict of the jury made evident beyond a doubt, the amount of the increased value of defendant's property was assessed separately by the jury, nor is any question made as to its correctness. The item of interest appears in such wise as to make its elimination possible without affecting in any way the sole meritorious question submitted to the jury, and our opinion is that the court committed no error in its correction of the verdict and judgment against defendant appellee.

Affirmed.

ANDERSON, C. J., and BROWN and FOSTER, JJ., concur.