WM. W. JACKSON, *Appellant,* vs. H. W. WADE MANUFAC-
TURING COMPANY, INC., a Corporation, *Appellee.*
136 So. 689.
Division A.
Opinion filed September 19, 1931.

*McCune, Hiaasen & Fleming,* for Appellant;
*Rogers & Morris,* for Appellee.

BUFORD, C.J.—The appeal here is from an order appointing a receiver to take possession of certain personal property upon which the complainant claimed a chattel mortgage lien. The complainant sold Jackson and Harrison certain fixtures for a restaurant and retained the title to the fixtures sold. Harrison sold out his interest to Jackson. Jackson filed petition in bankruptcy and there was set aside to him as his homestead exemption the personal property here sought to be subjected to foreclosure.

The only language in the retain title contract which

could have been construed to have given the complainant any lien upon the property upon which it seeks foreclosure is:

"and all other furniture, fixtures and accessories comprising the complete store equipment and located in the store of the undersigned in Hollywood, Florida".

Appellant bases his claim of lien on this language contained in the conditional sales contract. This language could be construed to create a lien upon that property which had later been set side to the bankrupt as exempt on account of homestead rights if the instrument is to be treated as a chattel mortgage.

The bill of complaint on its face indicates that the complainant does not propose to treat the retain title contract as a mortgage as to that property sold by the complainant to the defendant and his former partner but it is apparent that complainant proposes to retake that property and in addition thereto to pursue the defendant for the value of it.

In Helton v. Sinclair, 93 Fla. 1121, 113 South. Rep. 568, this Court reiterated what had often before been held, and said:

"Where the vendor of personal property holds a conditional sales contract with the vendee in which the vendor reserves the title to the property and retains the right upon the failure of the vendee to make the stipulated payments to retake possession of the property the vendor cannot after exercising his rights to retake the property continue the pursuit of the purchaser on the debt. He cannot have both the remedy of retaking possession of his property and a suit to enforce the debt for the purchase price."

Such facts however are not alleged in the bill of complaint to clearly show what course has been pursued or is to be pursued as to the other property described in the contract and alleged to have been purchased from the complainant. The bill showing upon its face that it is brought only to foreclose on a part of the property de-

scribed in the contract should show the right to such foreclosure. The right does not exist if the property for the purchase price of which the notes and contract were given has been retaken under retention of title by the vendor.

We find no sufficient basis in the bill of complaint for relief prayed and, therefore, no basis for the appointment of a receiver by a court of chancery.

The order appealed from should be reversed with directions that complainant be allowed to amend its bill within a short time to be fixed by the Chancellor and failing to do so the bill be dismissed. It is so ordered.

Reversed.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.

BROWN, J. (Concurring) :There is nothing in the instrument here in question to show that it was a mortgage on any of the property therein, as was the case in Mizell Live Stock Co. v. McCaskill Co., 59 Fla. 322, 51 So. 547. It is clearly, on its face, a conditional sales contract, retaining title in the vendor. Without any language indicating an intention to create a mortgage, I cannot see how the mere inclusion in the description of the property of certain articles which were not sold by the vendor to the vendee could change the character of the instrument.