1 So.2d 14
**S. F. BOWSER & CO., Inc., v. HARRIS.**
**8 Div. 100.**

Supreme Court of Alabama.
March 6, 1941.

Rehearing Denied April 3, 1941.

Basil A. Wood, of Birmingham, for appellant.

M. F. Lusk, of Guntersville, for appellee.

BROWN, Justice.

The appellant made a conditional sale of the articles described in the first count of the complaint to the defendant and installed the same in defendant's dry cleaning establishment in the town of Guntersville, Alabama, and took from the defendant a conditional sale contract therefor stipulating: "That title to said goods shall not pass to purchaser until the price thereof, or any note given therefor, has been paid in full in cash,. and that, until such payment, said goods shall remain the property of S. F. Bowser & Co., Inc."

There was evidence going to show that there was some defect either in the apparatus or its installation and that it would not perform the functions that it was sold by the plaintiff and conditionally purchased by the defendant to perform; that defendant made complaint to the plaintiff, and plaintiff, through its agent, made some effort to correct the defects, but that such defects were not remedied; that defendant notified the plaintiff to remove the same from his place and ceased to use it.

. This action was then instituted. The first count is in detinue for the recovery of the apparatus or its alternate value, and damages for its detention, and the other counts are in assumpsit for the purchase price. The trial was by the court without intervention of the jury, and judgment went for plaintiff on the first count, and for the defendant on the assumpsit counts.

The plaintiff appealed and insisted that the court erred to its prejudice in rendering judgment for the defendant on the assumpsit counts.

The plaintiff offered evidence in chief going into the entire transaction between the parties, giving in evidence, among other items, a letter from plaintiff to its sales agent advising him as follows:

"In following the above customer for payment covering January and February installments on his contract, totaling $57.00 plus $4.04 interest, we received a reply dated March 10, signed by Doyle Harris, reading as follows:

" 'I would like to advise you to inform Mr. Huckabee to come by my place and take out the still at any time it is convenient to him.'

"This came to the writer like a thunderbolt out of a clear sky, as no thought entered the writer's mind, but what he was perfectly satisfied with the Still and would go through with his contract.

"I am sure that you will try and save the business and if it comes to the worst you can store the equipment until such time as you can find a prospect for it, or have it returned to the factory, as I don't think anything would be gained by placing the collection with an attorney.

"Kindly let me have your report as to the result of your efforts."

The evidence as a whole warranted a legitimate inference that the conditional sale was rescinded by agreement of the parties.

It is familiar law that if a vendor in a conditional sale exercises his option to take back the property sold, he can not thereafter enforce the payment of the purchase price, as the assertion of either right is an abandonment of the other. Emerson-Brantingham Implement Co. v. Arrington, 216 Ala. 21, 112 So. 428; Sanders v. Newton, 140 Ala. 335, 37 So. 340, 1 Ann.Cas. 267; Bishop v. Minderhout, 128 Ala. 162, 29 So. 11, 52 L.R.A., 395, 86 Am.St.Rep. 134; Kent et al. v. Dean, 128 Ala. 600, 30 So. 543; Perkins v. Skates et al., 220 Ala. 216, 124 So. 514.

Under the issues presented by the plea of the general issue, as to the several counts, it was permissible to show rescission of the contract and the basis thereof. Barrett v. City of Mobile, 129 Ala. 179, 30 So. 36, 87 Am.St.Rep. 54; Olive v. Fenner & Beane, 229 Ala. 464, 157 So. 673.

Affirmed.

GARDNER, C. J., and THOMAS and FOSTER, JJ., concur.