5 So.2d 90

**LIVERPOOL & LONDON & GLOBE INS. CO., Limited, v. DICKINSON.**

I Div. 152.

Supreme Court of Alabama.

Dec. 18, 1941.

McCorvey, McLeod, Turner & Rogers, of Mobile, for appellant.

Adams & Gilmore, of Grove Hill, for appellee.

BOULDIN, Justice.

The action is on a fire insurance policy. The insured sued the insurer for the full amount of the policy.

Defendant, among others, filed pleas 3 and 4, setting up an alleged forfeiture by taking out additional insurance. The policy stipulated the policy should be void in such event, unless permitted by agreement indorsed upon the policy.

Plaintiff filed a replication No. 2 to these pleas alleging a waiver of such forfeiture in that the policy contained a loss payable clause to one J. W. Kimbrough, mortgagee, as his interest should appear; and further alleging that Kimbrough, at the date of the loss, held three mortgages, aggregating $268.85, and that after the loss he acquired by assignment a fourth mortgage known as Stewart Chevrolet Company mortgage, on which was due $76, and that the insured paid to said mortgagee, $344.85, which was known to include the sum due on said mortgage acquired after the loss.

Defendant's demurrers to this replication were overruled.

In dealing with this ruling, the replication must be taken to concede the obligation of the insurer, under the mortgagee clause, to pay all mortgage indebtedness held by the mortgagee at the time of the loss, regardless of defenses as against the insured. In fact, the mortgagee clause reads: " 'Loss or damage, if any, under this policy, shall be payable to J. W. Kimbrough, Thomasville, Alabama, as his mortgagee (or trustee), as interest may appear, and this insurance, as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property.' "

This is a union or standard mortgagee clause, imposing a direct and separate obligation upon the insurer to pay the mortgagee, as his interest should appear

when loss occurred, regardless of any action of the insurer defeating a right of action on his part. Continental Ins. Co. of New York v. Rotholz, 222 Ala. 574, 133 So. 587; Home Loan & Finance Co. v. Fireman's Fund Ins. Co. of San Francisco, California, 221 Ala. 529, 129 So. 470; London & Scottish Assur. Corporation of London, England v. Smith, 229 Ala. 556, 158 So. 892; Capital City Insurance Co. v. Jones, Assignee, 128 Ala. 361, 30 So. 674, 86 Am.St.Rep. 152; 27 Am.Jur. § 1253.

The theory of replication No. 2 is that in making payment to the mortgagee, the insurer included and took an assignment to a mortgage, which there was no obligation to pay under the mortgagee clause, and that this, as matter of law, constituted a waiver of the forfeiture set up in the pleas. The insured was not a party to this transaction between insurer and the mortgagee. The replication sets up no matter of estoppel, disclosing a change of the position of the insured for the worse.

 It relies upon a voluntary waiver by an act of the insurer in making settlement with the mortgagee. To constitute a waiver, the act relied upon must be such as clearly evidences a recognition of an obligation to pay the policy in full, with knowledge of the facts. A waiver of this class is a matter of intention. Whether a consideration is necessary to a waiver after loss is not presented nor considered.

"The question of waiver, the voluntary surrender of a known right, is in the main a question of intention, and the authorities hold that, to be effectual, it must be manifested in some unequivocal manner; if not express, then by such language or conduct as to evince clearly the intention to surrender. Bennecke v. [Connecticut Mut. L.] Insurance Co., 105 U.S. 355, 26 L.Ed. 990; Balfour v. Parkinson (C.C.) 84 F. 855, 861. Quoting Sanborn, J., in Rice v. Fidelity & Deposit Co. [8 Cir.], 103 F. 427, 435, 43 C.C.A. 270, 278." Isom et al. v. Johnson, 205 Ala. 157, 87 So. 543, 545; 67 C.J. 309, 310.

The insurer may have been induced by reasons, other than liability to the insured, in making such settlement with the mortgagee. In taking an assignment of the Chevrolet mortgage, the insurer was acquiring other security for that debt, if the claim of the insured should be defeated upon grounds had in view from the time of the fire, and being in course of investigation. The Chevrolet mortgage contained a covenant by the mortagor to carry fire insurance for the protection of the mortgagee.

 Other circumstances appear in the record tending to negative any intent to waive any lawful defense as against the insured. Since the cause must be reversed, we forego further discussion on this line. Suffice to say, they presented a case for the jury on the question of waiver. Replication No. 2 set up no facts, which as matter of law, constituted a waiver of the defenses set up in the pleas. Overruling the demurrer to replication No. 2 was error.

In his oral charge the trial court instructed the jury as follows:

"The defendant in this case in answer to this complaint has plead the general issue, that is that they do not owe her anything, and in addition thereto in plea 7, has plead this 'The defendant for further answer to the complaint says that the property named in the policy of insurance, made the basis of Plaintiff's complaint, was willfully, or with intent to charge the defendant, set fire to or burned, or caused to be burned by the plaintiff, and hence the plaintiff cannot recover in this suit.' *There were other pleas submitted to the court, but the court has eliminated or taken from your consideration all other pleas in this case.*

"*Whenever a legal proposition is presented to the Court and there is no dispute about the facts it is up to the Court to settle that and not submit it to you. The Court has held that by paying the Stewart Chevrolet Company mortgage to Kimbrough that they recognized or reinstated this policy even if the policy had been violated because of the taking out of a second policy subsequent to the taking of this policy without the knowledge of the defendant company. So you will not consider that question. The Court has settled that.*" [Italics supplied.]

The defendant excepted to that portion we have italicized.

 This was a charge upon the effect of the evidence, without a request in writing, forbidden by positive statute. The court seems to have held the view that he was merely stating rulings upon the law. He went further and charged that the undisputed evidence proved the facts alleged in replication No. 2, so that the jury were not to consider that question. Plaintiff requested no charge in writing to such effect. The only charge requested by plaintiff was

refused. The oral charge was an invasion of the province of the jury.

Further exception was reserved to the following portion of the oral charge: "'There have been introduced into this evidence here certain mortgages given by Nancy Maude Dickinson to J. W. Kimbrough, or which have been assigned by the parties to whom Nancy Maude Dickinson gave them to J. W. Kimbrough, covering certain indebtedness. That does not concern you so far as the indebtedness goes. The Insurance Company has a right to deduct that amount from any judgment that you may return into this Court in favor of the Plaintiff.'"

The sole question submitted to the jury was presented by the plea of arson.

Pursuant to the above instruction, they gave a verdict for plaintiff for the full amount of the policy with interest, and judgment was entered accordingly.

The purpose and effect of a judgment in the case was to adjudge whether the plaintiff should recover, and, if so, what sum.

In all events, the insurer was entitled to a deduction for the sum admittedly paid to the mortgagee on mortgages held at the time of the loss. Whether the $76 payment should have been deducted without other pleading, is not now presented.

 To direct a verdict for a sum, to include an amount which the jury is told must be credited on the judgment after rendition, is an anomalous and improper procedure.

For the errors noted the judgment is reversed and the cause remanded.

Reversed and remanded.

GARDNER, C. J., and FOSTER and LIVINGSTON, JJ., concur.