35 So.2d 352

## PIEDMONT FIRE INS. CO. v. FIDELITY MTG. CO. OF ALABAMA.

6 Div. 709.

Supreme Court of Alabama.

April 15, 1948.

Rehearing Denied May 20, 1948.

Jos. S. Mead, of Birmingham, for appellant.

Lange, Simpson, Robinson & Somerville, of Birmingham, for appellee.

STAKELY, Justice.

This is a suit upon a policy of automobile collision insurance. On June 11, 1943, a policy of automobile collision insurance was issued by Piedmont Fire Insurance Company to W. H. Ezell. On that date Fidelity Mortgage Company of Alabama held a chattel mortgage on the automobile described in the policy which secured an indebtedness of $600.05. This indebtedness at the time of the trial was $411.85.

Fidelity Mortgage Company of Alabama is named as loss payee in the policy under what is termed a "loss payable clause". This clause contains the following:

"This insurance as to the interest of the * * * mortgagee * * * shall not be invalidated by any act or neglect of the * * * mortgagor or owner of the within described automobile.

* &ast; &ast; &ast; &ast; &ast;

"Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements or limitations of such policy, other than as above stated."

On December 6, 1943, during the term of the policy, the automobile was in the possession of the mortgagor and owner W. H. Ezell and while it was being used in an illicit trade or transportation, namely, the transportation of contraband spirituous liquor and while W. H. Ezell was being pursued by officers of the law on that occasion, the automobile collided with an object and as a proximate consequence thereof sustained damages.

The policy contains

"Exclusions

"This policy does not apply: .

* &ast; &ast; &ast; &ast; &ast;

"(j) under any of the coverages, while the automobile is used in any illicit trade or transportation."

The case was tried before the court without the intervention of a jury and resulted in a judgment for the plaintiff. The appeal here is from that judgment.

■ The loss payable clause in this case is what is known as the union or standard mortgage clause. The effect of such a clause is to make a separate and independent contract between the mortgagee and the insurer and to effect a separate insurance on the mortgagee's interest. Liverpool & London & Globe Ins. Co. v. Dickinson, 242 Ala. 107, 5 So.2d 90. However, the terms of the contract between the insurer and the mortgagee are to be rendered certain and understood by reference to the policy. Reed v. Firemen's Ins. Co., 81 N.J.L. 523, 80 A. 462, 35 L.R. A.,N.S., 343, 29 Am.Jur. p. 448. For example resort may be had to the provisions of the policy to ascertain, among other things, the property insured, the amount, rate and terms of the policy. Trust Co. of St. Louis County v. Phoenix Ins. Co., 201 Mo.App. 223, 210 S.W. 98; 124 A.L.R. 1044.

■ The provision that the insurance as to the mortgagee shall not be invalidated by any act or neglect of the mortgagor or owner of the automobile means that the insurer is obligated to pay the mortgagee, as his interest may appear, when loss occurs regardless of any action of the mortgagor or owner defeating a right of recovery on his part. Liverpool, London & Globe Ins. Co. v. Dickinson, supra.

"The mortgagee cannot be affected by any act or default of the mortgagor and any breach of the policy terms and conditions committed by the mortgagor is no defense to an action by the mortgagee." Vol. 5 Appleman Insurance Law and Practice, § 3401; B. X Corp. v. Aetna Ins. Co., 187 Misc. 806, 63 N.Y.S.2d 14.

It will be noted that according to the quoted provisions of the policy the policy does not apply while the automobile is used in any illicit trade or transportation. Under this language it is illicit trade or transportation by any one which is referred to and not just illicit trade or transportation engaged in by the mortgagor or owner. Accordingly it is argued that under the provisions of the policy and the facts in the case, there was no coverage and hence no insurance in force at the time. It is claimed that if there was no insurance in effect, there was no insurance to invalidate. It seems to us, however, that this position is not in accord with the authorities in this state. These authorities show that in an analogous situation there is a coverage under the policy and that the situation at best presents a breach of a policy provision, which could be waived. In the case of Home Ins. Co. of New York v. Campbell Motor Co., 227 Ala. 499, 150 So. 486, 488, there was involved a policy of insurance on an automobile against loss by fire. One of the provisions of the policy was that the insurer "shall not be liable for loss or damage to any property insured hereunder, while subject to any lien, mortgage, or other encumbrance." It was contended that there was no coverage under the policy and that coverage under the policy could not be broadened by waiver. This court said,

"We readily agree with counsel for appellant that if the loss was not within the coverage of the policy contract, it cannot be brought within that coverage by invoking the principle of waiver or estoppel. Waiver or estoppel can only have a field of operation when the subject-matter is within the terms of the contract. No one, we assume, would argue that a policy of insurance, which protected one against loss by fire, could be extended or broadened, by the application of the principle of waiver or estoppel, to cover loss by cyclone. The effect, in such a case, would be to create a new contract, without a new consideration. * * * However, we cannot agree with counsel for appellant that the execution of the mortgage by the assured to the plaintiff, and which was

still in force at the time of the destruction of the automobile by fire, served to remove the property, and its loss, from the coverage of the policy contract. Such mortgage would give rise to a forfeiture of the contract, which would defeat a recovery, unless thereafter it was waived by some act of the insurer.

"This question seems to have been decided adversely to appellant's contention in our recent case of Home Ins. Co., of New York v. Scharnagel, supra (227 Ala. 60, 148 So. 596) wherein it is said: 'Whatever the rule may be in other jurisdictions, it is established with us that a suicide exception contained in a life policy may be waived after investigation and with knowledge by an agent with authority; or estoppel founded thereon; or an exemption of military or naval service contained in a life policy can be likewise waived by the assertion of another ground of defense with full knowledge of the facts. It must follow that, under a theft policy, an insurer with full knowledge waives the provision or exception of loss by actual theft, where possession is given by the owner, by resting nonliability on other asserted grounds of defense, as that, for example, which is set up in replications 5 and 6— by a denial of liability on the ground that the policy was void because of the facts averred as to representations of cash purchase price. * * *' It would thus appear that this court in the above cited and quoted from case recognizes that the loss was within the coverage of the policy, but that the breach of the policy provisions would afford ground for forfeiture, which might be waived." See also Home Insurance Company of New York v. Scharnagel, 227 Ala. 60, 148 So. 596.

The case of Fidelity Phoenix Ins. Co. v. Raper, 242 Ala. 440, 6 So.2d 513, is not in conflict with the foregoing authorities. In this last named case the policy insured the property while occupied by the owner. But this qualification was contained in the insurance clause itself. It was stated in the insuring clause as a condition of coverage.

■ Under the foregoing authorities we think that the clause relating to use of the automobile in illicit trade or transportation

is a condition or provision which does not relate to the subject matter of the insurance, but merely serves to invalidate the insurance in a proper case. Under the loss payable clause in this case its breach could not affect the rights of the mortgagee.

Affirmed.

GARDNER, C. J., and FOSTER and LAWSON, JJ., concur.