53 So.2d 599

### WHITE v. STATE ex rel. HARDEGREE.
### 7 Div. 98.

Supreme Court of Alabama.
June 14, 1951.

Si Garrett, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for appellee.

Rushton, Stakely & Johnston, Montgomery, amicus curiae.

FOSTER, Justice.

This is a quo warranto proceeding to test the authority of appellant to practice the profession of treating or offering to treat diseases of human beings, without first having obtained a certificate of qualification from the State Board of Medical Examiners or the license required by law. Appellant is still so engaged. Section 1136, Title 7, Code.

Appellant denied the allegations of the petition and averred that he has never at any time within two years last past treated or offered to treat diseases of human beings in Clay County, Alabama.

A. L. Crumpton, Ashland, for appellant.

Upon that issue the petitioner proved by the testimony of witnesses that defendant was so engaged. The nature of the treatment was chiropractic. A certificate to practice that manner of treatment is required by law. Sections 259, 261, Title 46,

Code. There was no conflict in such testimony, nor conflicting inferences. Defendant did not testify nor offer any testimony. There was nothing in the testimony which reflected upon the credibility of the witnesses. Their testimony was not vague or uncertain, nor of such nature as to infer that it was unworthy of belief in any material respect.

The court gave the affirmative charge against defendant at the instance of petitioner hypothesized upon a belief of the evidence. It also gave a charge at the instance of defendant that if the jury do not believe the evidence they should find defendant not guilty. See, Owen v. State, 240 Ala. 582, 200 So. 412; Fraser v. State, 216 Ala. 426, 113 So. 289. The jury returned a verdict of not guilty. Petitioner moved for a new trial on the ground that the verdict was the result of bias, passion and prejudice, also that it was contrary to the law and evidence. The court granted the motion and defendant has brought this appeal.

■■ It is of course the peculiar province of the jury to determine the credibility of the evidence. But they are not the sole judges of it. The power to review their conclusion in a civil case is vested in the trial court in the first instance, and then in this Court on appeal. Franklin Fire Ins. Co. v. Slaton, 240 Ala. 560, 200 So. 564. This is a civil case. Harris v. State ex rel. Wilson, 215 Ala. 56, 109 So. 291.

■■ "The court is authorized to grant a new trial when it has reason to believe a jury has erred either through caprice or ignorance as to the credibility of the testimony, since the court has superintendence of juries in matters of fact." Wolf v. Doe ex dem. Delage, 150 Ala. 445, 43 So. 856, 857; Alabama Great Southern R. R. Co. v. Randle, 215 Ala. 535(4), 112 So. 112. A jury must give full faith and effect to a charge given them by the court whether it is erroneous or not. Fleming & Hines v. Louisville & Nashville R. R. Co., 148 Ala. 527, 41 So. 683.

"It is essential to an orderly administration of justice that juries should obey the instructions of the court. If the court is in error in giving instructions, the jury should, nevertheless, obey the instructions, and the injured party would have recourse by appeal to this court, which is the proper forum to pass upon the actions of the trial court." Fleming & Hines v. Louisville & Nashville R. R. Co., supra; Talley v. Whitlock, 199 Ala. 28(10), 73 So. 976; Standard Oil Co. v. Humphries, 205 Ala. 529, 88 So. 855; Fulton v. McQuirter, 222 Ala. 660, 133 So. 703; Birmingham News Co. v. Lester, 222 Ala. 503, 133 So. 270.

■ When the evidence in material respects is uncontradicted, not unreasonable, nor improbable, nor apparently influenced by interest or bias, nor subject to unfavorable criticism, the trial court will not be reversed for granting a new trial when the verdict is contrary to the evidence, on the theory that the jury must have acted through caprice or a want of understanding clearly their duty in the matter. Wolf v. Doe ex dem. Delage, supra.

Affirmed.

LIVINGSTON, C. J., and BROWN and SIMPSON, JJ., concur.