85 So.2d 441

**NEW HAMPSHIRE FIRE INSUR-
ANCE CO.**

v.

**B. H. CURTIS, Jr.**

1 Div. 639.

Supreme Court of Alabama.

Dec. 22, 1955.

Rehearing Denied Feb. 2, 1956.

Caffey, Gallalee & Caffey, Mobile, for appellee.

Alex T. Howard, Mobile, for appellant.

**140**

### PER CURIAM.

This is a suit by the insured, appellee, against the insurer, appellant, on a policy of insurance covering a tractor-trailer for damages resulting from a collision or upset. The suit was tried on a plea of the general issue and special plea No. 5.

Plea No. 3 refers to the policy which contains the "automobile endorsement", by which "loss, damage or returned premium, if any, under the said policy shall be payable as provided in said policy to Yellow Manufacturing Acceptance Corporation and B. H. Curtis, Jr. (plaintiff) as their interests in the property insured under this policy may appear". It is also provided that the interest of the acceptance corporation "shall not be invalidated by any act or neglect of the * * * conditional vendee of the property insured under said policy nor by any change in the title or ownership of said property".

The court sustained demurrer to defendant's plea No. 3, and that ruling is the basis of the first assignment of error.

■ The theory of plea 3 is based on the principle that under such a clause in the policy the insurer agreed to a split in the amount of the liability for the damage or loss between the insured as the purchaser and the acceptance corporation as the conditional seller. The effect of the principle justifies a separate claim by each. The acceptance corporation thereby has the first

right to the extent of the amount owing it by the insured, not exceeding the total liability; and the insured (this plaintiff) is entitled to the balance of the amount of such liability. That is the settled law. Aetna Ins. Co. v. Koonce, 233 Ala. 265, 171 So. 269; Liverpool & London & Globe Ins. Co. v. Dickinson, 242 Ala. 107, 5 So.2d 90; Piedmont Fire Ins. Co. v. Fidelity Mortgage Co., 250 Ala. 609, 35 So.2d 352.

Under that principle the plaintiff, as the insured, can only recover the difference between the amount of the claim of the acceptance corporation and the amount of the liability of the insurer under the policy. The plea (No. 3) alleges the existence of the conditional sale contract held by the acceptance corporation, that plaintiff as the purchaser was in default and after the loss refused to pay up his default, and defendant adjusted with the acceptance corporation its claim under the conditional sale contract and found that the amount of the loss was $11,541.22; that the return premium amounted to $2,533.44, or a total of $14,074.66 which was paid to the acceptance corporation: that at that time plaintiff was indebted to said corporation in excess of the amount so paid.

■ We observe that if those facts are true, then under the principle stated above, plaintiff would have no claim by reason of the loss. The payment so made to the acceptance corporation would be as if directed by plaintiff and would completely pay the liability to plaintiff under the policy. We agree that this plea (No. 3) constitutes a good defense to this suit.

Plea No. 5 sets up substantially the same facts but alleges that by the payment of said sum to the acceptance corporation, defendant discharged itself from liability to that extent and in that amount, as against the amount of loss and damage claimed by plaintiff in this suit.

We think the difference here material between plea 3 and plea 5 is that in plea 3 it is alleged that the payment to the acceptance corporation covered the entire amount of defendant's liability under the policy. In

plea 5 it is not so alleged, but states that defendant by said payment to the acceptance corporation discharged its liability to plaintiff to that extent.

■■ The judge in his oral charge instructed the jury that "if the total amount payable under the policy as so found by you, that is the total amount of the value of the loss exceeds the total amount which was due to the Yellow Manufacturing Acceptance Corporation and paid to them, the plaintiff is then entitled to recover the excess" with interest. That is a correct application of the principle of law referred to above. Plea No. 5 is sufficient to justify its application, and plea 3 would not be necessary nor add anything to the right of defendant in its application. We think there was no injury which resulted from the court's ruling as to plea 3.

■ We might observe in this connection that the fact of plaintiff's default in his payments to the acceptance corporation and his failure to clear that up is not a material factor except in respect to the amount of the debt to be paid to the acceptance corporation and its right to repossess the truck.

All the other assignments of error are based upon the judgment of the court overruling the motion for a new trial. They assign certain grounds of the motion in separate assignments. Those assignments are in the main that the verdict is contrary to the charge of the court in respect to the amount of the liability of appellant under its policy.

Plaintiff filed a replication to plea 5 alleging in substance that on February 3, 1953, the acceptance corporation elected to repossess and did repossess said tractor and trailer under the terms of said conditional sale contract and thereby discharged the indebtedness of plaintiff under said conditional sale contract.

The court sustained the demurrer to that replication and, at the instance of defendant, gave written charge No. 11, and instructed the jury in his oral charge, as we have stated,—all of which indicates that the judge was of the opinion that a repossession of the truck by the acceptance corporation did not cancel the indebtedness of plaintiff to the acceptance corporation.

■■ Appellee has cross assigned as error the giving of charge No. 11. We do not suppose that by doing so appellee sought to have the judgment of the trial court reversed or modified, but that it was the occasion for a renewal before this Court of the insistence made in the court below that such repossession had the effect of cancelling the indebtedness of plaintiff to the acceptance corporation. We think the trial court was in error in giving charge No. 11. Alexander v. Mobile Auto. Co., 200 Ala. 586, 76 So. 944; Emerson-Brantingham Implement Co. v. Arrington, 216 Ala. 21, 112 So. 428; S. F. Bowser & Co. v. Harris, 241 Ala. 113, 1 So.2d 14; Bern v. Rosen, 36 Ala.App. 296, 55 So.2d 361.

The evidence shows that the accident occurred on November 22, 1953, and that the acceptance corporation repossessed the wreckage or salvage on February 3, 1954, which was before the insurance company made any adjustment of the loss or paid the acceptance corporation anything in respect to it. This adjustment was made on April 27, 1954. The salvage was sold by the acceptance corporation for $1,800. So that, if on April 27, 1954, the plaintiff was not indebted to the acceptance corporation in any sum, the entire amount of liability for the loss was payable to plaintiff. It is not important that the repossession occurred subsequent to the wreck. The rights of plaintiff and of the acceptance corporation, respectively, were but an apportionment of the insurer's liability and that apportionment could be altered by a change of circumstances at any time before a settlement was made with the acceptance corporation. Aetna Ins. Co. v. Koonce, supra.

■■ We have heretofore stated the Alabama law in respect to the repossession by the holder of a conditional sale contract of the property included in the sale; but we observe that in the instant case its effect is controlled by the Florida law. The conditional sale contract with the General Truck and Equipment Company, its transfer to the acceptance corporation, and the policy

of insurance were all executed on the same day in Orlando, Florida. The wreck occurred in Mississippi. The plaintiff is a resident of Alabama. Under our statute, section 97, Title 7, Code, the courts of this State have jurisdiction over a cause of action which arose in Florida provided proper service is had in this State. The substantive rights of the parties under the contract are controlled by the law of the State of Florida where the contract was executed. Furst & Thomas v. Sandlin, 208 Ala. 490, 94 So. 740; J. R. Watkins Co. v. Hill, 214 Ala. 507, 108 So. 244; New York Life Ins. Co. v. Scheuer, 198 Ala. 47, 73 So. 409; Western Union Tel. Co. v. Favish, 196 Ala. 4, 71 So. 183.

The law of Florida in this connection has not been introduced in evidence. When we seek to apply the law of a sister state, if it is of common law origin, the principle is that we will presume that the common law prevails if the law of that state is not introduced in evidence. If it is not of such origin (although we find a Florida statute adopting the common law of England—Section 2.01, Code), we will apply the Alabama law. Bank of Cottonwood v. Hood, 227 Ala. 237, 149 So. 676; Peet v. Hatcher, 112 Ala. 514, 21 So. 711; Kennebrew v. Southern Automatic Electric Shock Machine Co., 106 Ala. 377, 17 So. 545. It is of interest to note that the decisions of Florida, which we find in the reports, give the same effect to the repossession of property under a conditional sale contract as the law of Alabama. Baer v. General Motors Acceptance Corp., 101 Fla. 913, 132 So. 817; Jackson v. H. W. Wade Mfg. Co., 102 Fla. 970, 136 So. 689.

However, the trial judge proceeded upon a different theory of the law, and the jury was bound by the theory of the law which the judge charged them was applicable and they had no right to depart from it, although that theory was erroneous. A verdict contrary to it would have to be set aside on motion. Fleming & Hines v. Louisville & N. R. Co., 148 Ala. 527, 41 So. 683; Penticost v. Massey, 202 Ala. 681, 81 So. 637; City of Decatur v. Finley, 221 Ala. 101, 127 So. 518; Piedmont Fire Ins. Co. v.

Tierce, 245 Ala. 415, 17 So.2d 133; Franklin Fire Ins. Co. v. Slaton, 240 Ala. 560, 200 So. 564; White v. State ex rel. Hardegree, 256 Ala. 18(4), 53 So.2d 599.

It is necessary, therefore, for us to go to other features of the trial in order to see if any other phase of the evidence justified a verdict for the plaintiff in the sum of $12,000.

During the trial it was agreed that the balance due the acceptance corporation at the time of the accident (November 22, 1953) was $16,643.38. That amount was arrived at as follows:

| | |
|---|---|
| Tractor | $10,700.00 |
| Trailer | 8,800.00 |
| Total purchase price | $19,500.00 |
| Trade in $6,100.00: cash $50.00 | 6,150.00 |
| | $13,350.00 |
| Insurance premium | 3,294.00 |
| Carrying charges | 2,504.90 |
| Stamps | 55.00 |
| | $19,203.90 |
| 4 Installments at $640.13 each | 2,560.52 |
| | $16,643.38 |

The insurance adjuster made a finding for his own purposes and calculated the amount of its liability based upon the policy provision which agreed to pay the total loss with a "deductible" of $500.

| | |
|---|---|
| Cash value of truck at the time of wreck | $16,300.00 |
| Less value of salvage | 2,200.00 |
| | $14,100.00 |
| Deductible | 500.00 |
| Insurance loss | $13,600.00 |

But the policy authorized the insurer to make repairs and fix the cost of doing so as its liability, and the adjuster claimed on that basis that such cost would only be $12,230.49 to restore the truck to its former condition, and thereby reduced the insurer's liability under the policy to $11,541.22. That amount was paid by defendant to the acceptance corporation. An additional sum of $2,533.44 was paid by defendant to the acceptance corporation as the amount of unearned premium which had been paid on

the policy. The $11,541.22 plus $2,533.44 makes a total sum of $14,074.66 which was paid to the acceptance corporation on April 27, 1954, in full of the debt of plaintiff to it. That debt was discharged by a written release given defendant by the acceptance corporation in consideration of such payment.

As we have said, the true measure of defendant's liability to plaintiff on April 27, 1954, was the difference between the total liability for the loss with interest and the amount of the debt of plaintiff to the acceptance corporation. As to the debt due the acceptance corporation, defendant's settlement with it and its release in full for the sum of $14,074.66 is conclusive on defendant for the purposes of this suit that such liability was no more than that amount. Therefore, to ascertain plaintiff's interest in the loss the formula to be applied is the difference between that amount and the amount of the total liability.

From the evidence most favorable to the plaintiff, and conforming to the charge of the court, the following seems to be a proper computation of the amount of the total liability and of plaintiff's interest in it:

| | | |
|---|---|---|
| Value of the truck at the time of accident | | $19,500.00 |
| Deductible | $500.00 | |
| Value of salvage | 1,800.00 | |
| | $2,300.00 | 2,300.00 |
| Net amount of loss | | $17,200.00 |
| Insurance premium rebate | | 2,533.44 |
| | | $19,733.44 |
| Interest from Nov. 22, 1953 to Apr. 27, 1954 (5 months at 6%) | | 576.66 |
| Total liability of insurer on Apr. 27, 1954 | | $20,310.10 |
| Amount paid by insurer on Apr. 27, 1954 in full of debt owing acceptance corporation by plaintiff | | 14,074.66 |
| Balance of liability available for plaintiff | | $ 6,235.44 |
| Interest at 6% from April 27, 1954 to Dec. 22, 1955 | | 615.70 |
| | | $ 6,851.14. |

This represents the amount owing plaintiff by defendant as of December 22, 1955, according to the court's charge to the jury.

It is also insisted by appellee that the verdict could be justified on the ground that there was no indebtedness to the acceptance corporation because the assignment of the conditional sale contract was to the Yellow Manufacturing *Credit* Corporation, and not to the *acceptance* corporation. We cannot sustain that contention on the part of appellee. The evidence was undisputed that the transaction was with the acceptance corporation, which paid the seller (General Truck and Equipment Co.) and took over the contract, and all negotiations occurring since then have been made by it: that though there was such a corporation as the credit corporation, the assignment was made to it by mistake; and that it has never claimed to be the assignee and never asserted an interest in the assignment. The court in charging the jury treated the acceptance corporation as the assignee and no exception was taken to the charge. It is not necessary to the rights of the acceptance corporation to be named as the assignee when the evidence shows that it was intended to be the assignee and had the beneficial interest in the assignment. We are here dealing with beneficial interests.

The result is that there is no phase of the evidence which according to the charge of the court would sustain a verdict for $12,000. There being no other error in the record which adversely affects appellant's rights, it is necessary for us to reverse the judgment of the circuit court unless the appellee shall within thirty days from this date file in this Court a remittitur of all damages included in the judgment in excess of $6,851.14 with interest from December 22, 1955. If such remittitur is so filed, the judgment will be affirmed as reduced.

The judgment should be affirmed conditionally, section 811, Title 7, Code.

The foregoing opinion was prepared by Foster, Supernumerary Justice of this Court, while serving on it at the request of

the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Affirmed conditionally.

LIVINGSTON, C. J., and LAWSON, STAKELY and MERRILL, JJ., concur.

## On Rehearing.

PER CURIAM.

We cannot sustain the contention made by appellee on rehearing, as was also made on the original submission, that the truck including the trailer were worth more at the time of the wreck and immediately before than they were worth when purchased new. We do not find that the evidence sustains that contention.

■■■ However, in making the computation we deducted $500 from the amount of the loss occasioned by the wreck in ascertaining the amount owing by the insurer. This was in accordance with the terms of the policy which provided for a deduction of $500. Our attention is now called to the fact that the court charged the jury that it was agreed that the $500 had previously been deducted referring to the settlement made by the insurer with the acceptance corporation. There was shown in the transcript such an agreement acted upon by the court in so charging the jury. Therefore, it is not now a question of whether that should have been deducted in making the computation, but whether such deduction was violative of the agreement and the charge of the court. It appears to us that in view of that situation, appellee is correct in contending that such deduction should not now be made. It therefore becomes necessary for us to make a new computation of the amount of the liability of the insurer by reason of the wreck in order to determine the amount, if any, is owing by the insurer to the appellee, plaintiff, which computation is as follows:

| | |
|---|---:|
| Value of the truck at the time of the accident | $19,500.00 |
| Value of salvage | 1,800.00 |
| | $17,700.00 |
| Unearned insurance premium | 2,533.44 |
| Total | $20,233.44 |
| Interest from Nov. 22, 1953 to Apr. 27, 1954 (5 months at 6%) | 505.83 |
| Total liability of insurer on Apr. 27, 1954 | $20,739.27 |
| Amount paid by insurer on Apr. 27, 1954 | 14,074.66 |
| Liability of insurer to plaintiff | 6,664.61 |
| Interest at 6% from Apr. 27, 1954 to Feb. 2, 1956 (1 year 9 months and 6 days) | 706.42 |
| Maximum liability to plaintiff | $ 7,371.03. |

Therefore, the judgment of this Court should be modified so as to reverse the judgment of the circuit court on account of the excessive amount thereof, unless appellee shall within thirty days from this date file in this Court a remittitur of all damages included therein in excess of $7,371.03. If such remittitur is so filed, the judgment will be affirmed as reduced otherwise it will stand reversed and remanded.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

As the judgment and opinion of this Court is thus modified, the application for rehearing is overruled.

Judgment and opinion of this Court modified, and as modified the application for rehearing is overruled.

LIVINGSTON, C. J., and LAWSON, STAKELY and MERRILL, JJ., concur.